Alvin Thomas appeals from a judgment entered on a jury verdict in favor of Diversified Contractors, Inc. ("Diversified"). We address only one issue: Whether the jury selection standards announced by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), apply to civil cases. Because we hold that the standards set forth in Batson are applicable to civil cases, we reverse the judgment entered against Thomas and remand the cause. Appellant also argues that the arbitrary striking of all the blacks in the venire violated his rights under Sections 1, 11, and 13 of the Alabama Constitution of 1901. Because we hold that the appellant's rights under theFourteenth Amendment of the United States Constitution were violated, we need not, and do not, address the question whether the appellant's rights under the Alabama Constitution were also violated.
The facts presented in the record show that Thomas is black, and that Dennis Thompson, the owner of Diversified, the plaintiff, is white. In selecting the jury, each side was allowed eight peremptory strikes. The jury venire consisted of four black members and 24 white members. All four black members of the venire were struck by the plaintiff.
Once the jury had been struck, but before the jurors were sworn, the appellant objected to the fact that all the black members of the venire had been struck by the appellee. The trial judge did not rule on this objection and proceeded to seat the jury.
In his motion for new trial, Thomas once again raised his challenge to Diversified's striking of the blacks. In his order on this motion, the trial judge stated:
 "In Defendant's motion for New Trial he incorporates arguments raised in his Motion for J.N.O.V. and asserts that his constitutional rights under the Fourteenth Amendment of the United States Constitution and under Secs. 1, 11 and 13 of the Alabama Constitution of 1901 were violated due to the Plaintiff striking all black persons from the jury venire causing himself, a black person, to go before a totally white jury. This issue was raised at trial and this Court ruled that, to the Court's knowledge, Batson, did not apply in civil cases. In the recent case of Perry v. Seaboard Coastline R.R. Co., 527 So.2d 696 (Ala. 1988), the Supreme Court, in a footnote, stated, [W]e will not address the issue of whether the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), barring the use of peremptory strikes to discriminatorily strike members of the jury venire on the basis of race, in the criminal setting, has application in the civil setting.
 "The requirements of due process historically have been applied much stricter in criminal matters as opposed to civil matters in our country. When a person's life or liberty is at stake, the courts have looked much harder in an effort to protect an individual's due process rights. *Page 345 
This is not to be interpreted as indicating that a person's rights are any less important in a civil setting as opposed to a criminal setting. However, this Court is of the opinion that Batson does not apply in a civil case."
As the trial court correctly pointed out, this Court has not answered the question whether Batson applies to civil cases. In the Perry decision, we noted that this issue had been raised for the first time on appeal and, therefore, we did not address it. Unlike Perry, the present appeal, in a case in which the striking of the jury was properly objected to at the trial level, squarely presents the opportunity to rule on that question.
The question whether the standards established inBatson apply to civil cases has not been definitively answered by the United States Supreme Court. Several federal courts, however, have addressed the issue, reaching different results.[1]
Our Court of Civil Appeals has also dealt with this issue, holding that the Batson standards do not apply in civil cases,Parker v. Downing, 547 So.2d 1180 (Ala.Civ.App. 1989). After reviewing Parker and the federal decisions that have discussed the application of the Batson standards to civil cases, we conclude that the better reasoned result is that these standards are applicable in civil cases.
In Fludd v. Dykes, 863 F.2d 822 (11th Cir. 1989) [cert. filed June 23, 1989], the Eleventh Circuit Court of Appeals, after examining the policies and rights involved, held that Batson
applies in civil cases as well as in criminal cases. We agree with both the reasoning and the result in that case and, therefore, we reverse the judgment in the present case and remand.
The procedural facts in Fludd are similar to those presented in the instant appeal. Fludd was a civil rights case where a black plaintiff sued a white police officer who had shot him. The two blacks on the jury venire of 15 were struck by the defendant. After the selection of the jury, but before the jurors were sworn, the appellant raised the issue of Batson and asked the court to require an explanation for the striking of the two blacks by the appellee. The trial judge ruled thatBatson did not apply in a civil case and did not require the appellee to explain why he had struck the two blacks.
On appeal, Fludd argued that he had been denied the equal protection of the laws as guaranteed by the due process clause of the Fifth Amendment when the appellee was allowed to use his peremptory challenges to exclude both the blacks from the jury[2] The Court of Appeals agreed and held:
 "We believe, however, that the policies underlying the Supreme Court's decision in Batson are equally applicable in the civil context. As the Court observed in Batson, there are times when a party has enough peremptory challenges to remove all of his adversary's racial peers from the venire and indeed exercises them for the purpose of obtaining a petit jury that may have a greater sympathy for him than for his adversary. This situation obviously arises in the civil context as well. Nor can we perceive any distinction in the harm to the individual's constitutional rights. Finally, we see no reason why a civil litigant would be unduly prejudiced by explaining the purpose of a strike where the circumstantial evidence indicates that he made it for a discriminatory purpose.
 "We therefore hold that Batson, applies in civil cases. Accordingly, when the objecting party shows that 'he is a member of a cognizable racial group' and *Page 346 
that the 'relevant circumstances raise an inference' that his opponent 'has exercised peremptory challenges to remove from the venire members of [the objecting party's] race,' the objecting party has made out a prima facie case of purposeful discrimination. Batson, 476 U.S. at 97, 106 S.Ct. at 1723. The 'explanation need not rise to the level justifying exercise of a challenge for cause,' id.; rather, it need only be 'a neutral explanation related to the particular case to be tried.' Id. at 98, 106 S.Ct. at 1723."
863 F.2d at 828-29.
In the present case, the trial judge did not require the appellee to explain why it struck the four blacks. Nor does an examination of the record suggest why the blacks were struck. However, these facts, standing alone, do not mandate that a new trial automatically be granted to Thomas.
It is for the trial court to decide whether the striking of the four blacks in this case made out a prima facie case of discrimination against the appellant. If the trial court determines that the appellee sought to discriminate against the appellant through the use of his peremptory challenges, then the burden will shift to the appellee to provide a race-neutral explanation for these strikes. If no adequate race-neutral reason is provided, then the appellant must be given a new trial.
As the Supreme Court stated in Batson:
 "In this case, petitioner made a timely objection to the prosecutor's removal of all black persons on the venire. Because the trial court flatly rejected the objection without requiring the prosecutor to give an explanation for his action, we remand this case for further proceedings. If the trial court decides that the facts establish, prima facie, purposeful discrimination and the prosecutor does not come forward with a neutral explanation for his action, our precedents require that petitioner's conviction be reversed."
476 U.S. at 100, 106 S.Ct. at 1725, 90 L.Ed.2d at 90.
Applying this language to a civil context, the Fludd court noted:
 "If the district court concludes that appellees purposefully discriminated against the blacks they challenged, and appellees' counsel does not come forward with a neutral explanation for his action, the appellant must receive a new trial."
863 F.2d at 829.
We therefore reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and STEAGALL and KENNEDY, JJ., concur.
ADAMS, J., concurs specially.
MADDOX, ALMON, SHORES and HOUSTON, JJ., dissent.
[1] See Fludd v. Dykes, 863 F.2d 822 (11th Cir. 1989) (Batson
applies to civil cases); Edmonson v. Leesville Concrete Co.,860 F.2d 1308 (5th Cir. 1988) (pending on en banc rehearing) (applying Batson to civil cases); Wilson v. Cross, 845 F.2d 163
(8th Cir. 1988) (on facts of the case no prima facie discrimination was established, but question of application ofBatson to civil cases is still open); Clark v. City ofBridgeport, 645 F. Supp. 890 (D.Conn. 1986) (Batson applies to civil cases involving state action); Esposito v. Buonome,642 F. Supp. 760 (D.Conn. 1986) (no prima facie case, but if there had been, Batson would not apply to civil case).
[2] Although the Fludd decision deals with the Fifth Amendment, the rationale is equally applicable to a claim in a state court under the Fourteenth Amendment. The equal protection analysis in the Fifth Amendment area is the same as that under theFourteenth Amendment. Buckley v. Valeo, 424 U.S. 1, 93,96 S.Ct. 612, 670, 46 L.Ed.2d 659 (1976).