STEAGALL, Justice.
Plaintiff, Johnnie Mae Robinson, appeals from a judgment entered on a jury verdict in favor of the Birmingham-Jefferson County Transit Authority and certain fictitiously named defendants (“hereinafter “Transit Authority”). On appeal, Robinson raises these issues: In light of this Court’s recent decision in Thomas v. Diversified Contractors, Inc., 551 So.2d 343 (Ala.1989), applying the principle of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to civil cases, did Robinson preserve any alleged error for review on appeal and, if so, should Thomas be applied retroactively as Batson has been applied retroactively in criminal cases by this Court in Ex parte Jackson, 516 So.2d 768 (Ala.1986), and by the United States Supreme Court in Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)?
We need not address whether Thomas should be applied retroactively, because the objection filed by Robinson was not timely. This Court has stated that “in order to preserve the issue for appellate review, a Batson objection ... must be made prior to the jury’s being sworn.” Bell v. State, 535 So.2d 210, 212 (Ala.1988).
The same reasoning applies in this case. Here, Robinson raised his objection after a three-day trial and just prior to the jury’s returning a verdict in favor of the Transit Authority. Such an objection is too late to preserve the issue for appellate review.
*174 Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX and ADAMS, JJ., concur.
ALMON, J., concurs in the result.