Although I concurred in Knop v. McCain, 561 So.2d 229 (Ala. 1989), I do not think that the jurors in this case showed such probable prejudice that they should have been struck for cause. The uncertainty displayed by the jurors here just does not indicate the degree of prejudice shown by the juror comments inKnop.
The jury in this case heard the evidence and found in favor of the defendant; there has been no showing of any unfairness or prejudice towards the plaintiff that would taint the jury's verdict. There has been no showing that the failure of the trial court to strike these jurors for cause led to any actual prejudice to the plaintiff's case, and, in such questions of prejudice, much is left to the discretion of the trial judge.
I believe that this Court should not get into the area of reviewing jury verdicts in a case such as this, where the only possible prejudice shown is that a party may have had to use a peremptory strike to eliminate a juror that that party may not have wanted. That is the reason for peremptory strikes. Ala. Code 1975, § 12-16-55, states:
 "It is the policy of this state that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose."
The jurors found to be challengeable for cause here, even though they may have been more knowledgeable in the healthcare field, nevertheless were part of the "fair cross section of the population," and, unless *Page 229 
there was a showing of such bias as would disqualify them for cause, they were just as qualified as a juror who may have been a patient and a recipient of healthcare services, or as some other member of the population.
I joined in Knop because I was of the opinion in that case that the challenged jurors had expressed such a bias as to make them disqualified for cause.
No party is entitled to have a jury that is favorable to one side or the other in a lawsuit.
The rule announced today, in my opinion, expands the scope of review in cases such as this and can be used by appellants in the future whether they were plaintiffs or defendants below. This Court has recently expanded the prohibition against racial discrimination in the selection of jurors into the area of civil litigation, Thomas v. Diversified Contractors, Inc.,551 So.2d 343 (Ala. 1989), and I think that we should be very careful in allowing jurors to be struck for cause merely because one party does not like them or because that party can question them in such a manner as to make their answers sound equivocal. This is not a Knop case.
HOUSTON, J., concurs.