570 So.2d 573 (1990)
Andy MOORE and Zeatherine Moore
v.
RAY SUMLIN CONSTRUCTION COMPANY, INC.
88-1270.
Supreme Court of Alabama.
June 29, 1990.
Richard F. Pate and J. Wesley Sowell, Mobile, for appellants.
Mack B. Binion and Donna L. Ward of Briskman, Binion & Browning, Mobile, for appellee.
PER CURIAM.
This is an appeal from a judgment rendered on a jury verdict in favor of the defendant, Ray Sumlin Construction Company, Inc. ("Sumlin Construction"), in a personal injury action that arose from a workplace accident. The only issue this Court will address at this stage is whether this cause is due to be remanded to allow the trial court to conduct an evidentiary hearing to determine if the plaintiffs, Andy and Zeatherine Moore, made out a prima facie showing of purposeful discrimination by Sumlin Construction in its use of its peremptory challenges during the jury selection process.
Andy Moore, who is black, was employed by Donaghey Plumbing Company ("Donaghey"), a subcontractor on a construction project supervised by Sumlin Construction, the general contractor. Moore was injured *574 when a piece of lumber being raised on a hoist by employees of Sumlin Construction fell and struck him on the head. He filed a complaint against Sumlin Construction, alleging negligence and wantonness. His wife, Zeatherine Moore, added a claim for loss of consortium.
During the selection of the jury Sumlin Construction used all of its peremptory challenges to have eight of the nine black persons on the jury venire stricken.[1] The Moores objected to Sumlin Construction's peremptory challenges before the jury was empaneled and asked the trial judge to order Sumlin Construction to offer race-neutral reasons for its challenges. The court overruled the objection and denied the Moores' request. Following the entry of judgment by the trial court, the Moores filed a motion for j.n.o.v. or, in the alternative, for a new trial, arguing, inter alia, that Sumlin Construction's use of its peremptory challenges raised an inference of purposeful discrimination and that the trial judge had erred by not requiring Sumlin Construction to provide race-neutral reasons for those challenges. The court denied the post-trial motion, and the Moores raise the same issue, along with several others, on appeal.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that the equal protection clause of the Fourteenth Amendment barred the State, in a criminal case, from using its peremptory challenges to discriminatorily strike members of the jury venire solely because those members were of the same cognizable racial group as the defendant. 476 U.S. at 85-88, 106 S.Ct. at 1716-1719. The Court held that if the defendant made a prima facie showing that the State engaged in purposeful discrimination during the jury selection process, the State must come forward with race-neutral explanations for its challenges. 476 U.S. at 97, 106 S.Ct. at 1723.
In Fludd v. Dykes, 863 F.2d 822, reh'g denied, 873 F.2d 300 (11th Cir.1989), cert. denied, ___ U.S. ___, 110 S.Ct. 201, 107 L.Ed.2d 154 (1989), the Eleventh Circuit Court of Appeals held that the Batson principle applied to civil cases. 863 F.2d at 829.[2] In Thomas v. Diversified Contractors, Inc., 551 So.2d 343 (Ala.1989), this Court adopted both the reasoning and the result in Fludd, supra, and held that the Batson principle was applicable in both criminal and civil cases. 551 So.2d at 345. In Thomas the defendant was black, and the plaintiff used its peremptory challenges to strike all four black persons on the jury venire. The defendant's timely objection was not ruled on by the trial court. In his motion for new trial, the defendant reasserted his challenge to the plaintiff's use of its peremptory challenges, but the trial judge held that Batson did not apply to civil cases and denied the motion. 551 So.2d at 344-45. This Court reversed, holding that Batson did apply, and remanded that cause for an evidentiary hearing to allow the trial court to determine if the striking of the four black persons on the jury venire made out a prima facie case of purposeful discrimination, stating:
"If the trial court determines that the appellee sought to discriminate against the appellant through the use of [its] peremptory challenges, then the burden will shift to the appellee to provide a race-neutral explanation for those strikes. If no adequate race-neutral reason[s] [are] provided, then the appellant must be given a new trial."
551 So.2d at 346.
The facts in this case require this Court to take essentially the same action taken in Thomas, supra. Following a timely objection to Sumlin Construction's peremptory challenges, the trial judge, apparently *575 holding that Batson did not apply to civil cases, overruled the objection and empaneled the jury.[3] In their motion for new trial, the Moores reasserted their objection to those challenges, but that motion was denied. Because the trial court erred by not requiring Sumlin Construction to offer race-neutral reasons for its challenges, this cause is due to be remanded for an evidentiary hearing pursuant to the procedure set out for such hearings in Thomas, supra. However, unlike the procedure followed in Thomas, this Court will not reverse the judgment of the trial court at this point. Such a reversal would render meaningless the trial judge's decision as to whether a new trial is warranted. Instead, this case, and all future appeals of civil judgments requiring similar treatment, will simply be remanded for an evidentiary hearing, as is the current practice in criminal cases. See Ex parte Branch, 526 So.2d 609 (Ala.1987); Ex parte Jackson, 516 So.2d 768 (Ala.1986). The other issues raised by Moore in his appeal will be held in abeyance, to be reviewed by this Court if the trial court determines that a new trial is not needed and if this Court affirms such a determination.
The Moores argue that Sumlin Construction's use of its peremptory challenges was such "blatant and callous racial discrimination" that a new trial is mandated without a prior evidentiary hearing, as justice, they argue, would not be served by simply remanding this case. We do not agree. The holdings in Batson, supra; Fludd, supra; Thomas, supra; Branch, supra; and Jackson, supra, consistently recognized that the trial court is in the best position to determine if the appellant has made a prima facie showing of purposeful discrimination, and if so, whether the appellee's race-neutral reasons for its challenges adequately rebut the presumption created by that showing. Batson, 476 U.S. at 100, 106 S.Ct. at 1725; Fludd, 863 F.2d at 829; Thomas, 551 So.2d at 346; Branch, 526 So.2d at 624; and Jackson, 516 So.2d at 772-73. In addition, ordering a new trial, without first giving Sumlin Construction an opportunity to explain its challenges, would be inconsistent with the due process guarantees contained in the Fourteenth Amendment and Article I, § 13 of our state constitution.
For the reasons stated above, this cause is remanded for proceedings consistent with this opinion. Because this appeal is left open during this remand, a copy of the circuit court's order granting or denying a new trial should be forwarded to this Court upon expiration of the time for appeal, if neither party appeals from that order.
REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON, SHORES and HOUSTON, JJ., dissent.
HOUSTON, Justice (dissenting).
I dissent. I dissented in Thomas v. Diversified Contractors, Inc., 551 So.2d 343, 349-353 (Ala.1989). Judge Gee's dissent in Edmonson v. Leesville Concrete Co., 860 F.2d 1308 (5th Cir.1988), which I quoted with approval in my dissent, was adopted by a majority of the Court of Appeals for the Fifth Circuit when Edmonson was reheard en banc. Edmonson v. Leesville Concrete Co., 895 F.2d 218 (5th Cir.1990). Therefore, I am now even more confident that my dissent in Thomas v. Diversified Contractors, Inc. was correct.
MADDOX and ALMON, JJ., concur.
NOTES
[1] From the record it appears that the one black person on the jury venire that was not challenged by Sumlin Construction served on the petit jury.
[2] Although the appellant's discrimination argument in Fludd was based on the Fifth Amendment, the analysis in that case is applicable in this case because the equal protection analysis under the Fifth Amendment and the analysis under the Fourteenth Amendment are the same. Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).
[3] This Court's opinion in Thomas, supra, had not been released at the time of the trial in this case. However, Fludd, supra, had been released two months earlier and was brought to the trial judge's attention.