PER CURIAM.
Melrose Fowler filed an action against "Family Dollar Store, a foreign corporation,” [1] the City of Fairfield, Fairfield police officer Britt Smith, and Family Dollar Store manager Ellen Edmondson (collectively referred to as “the appellees”), seeking compensatory and punitive damages for unlawful arrest, malicious prosecution, and assault and battery. A jury returned a verdict for the defendants, and judgment was entered on that verdict. The only issue presented is whether this cause is due to be remanded for an evidentiary hearing to determine if Fowler has made out a prima facie case of purposeful discrimination by the appellees in their use of peremptory challenges.
Fowler’s evidence at trial tended to show the following: Fowler, who is black, went into the Family Dollar Store in Fairfield, Alabama, to exchange a jogging suit she had purchased the previous day. When Fowler could not find another suit, she requested a refund, but was told by the store manager, Edmondson, that store policy prevented her from giving Fowler a refund because Fowler did not have the sales receipt. Fowler refused to leave the store and was subsequently arrested by Officer Smith and charged with disorderly conduct.
During the jury selection process, the appellees exercised all of their peremptory challenges to strike 8 of the 10 black persons on the jury venire. One of the remaining two black persons was struck by Fowler, and the last remaining black person, as the highest numbered juror, became the alternate according to an agreement reached by the parties prior to the jury selection. Fowler objected on the basis that the appellees had used all of their peremptory challenges to strike black members of the jury venire and asked the trial judge to order the appellees to offer race-neutral reasons for their challenges. The trial judge overruled Fowler’s objection. In her motion for new trial, Fowler again objected to the appellees’ use of their peremptory strikes as being racially motivated. This motion was also denied by the trial court.
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that the equal protection clause of the Fourteenth Amendment forbids the state, as a party in a criminal case, from exercising its peremptory challenges to remove members of a jury venire solely because they are members of the defendant’s race. 476 U.S. at 85-88, 106 S.Ct. at 1716-18. This Court, in Thomas v. Diversified Contractors, Inc., 551 So.2d 343 (Ala.1989), agreed with both the reasoning and the result of Fludd v. Dykes, 863 F.2d 822, reh’g denied, 873 F.2d 300 (11th Cir.1989), and held that Batson applies to civil cases as well as to criminal cases. Thomas, 551 So.2d at 345.
Most recently, the Batson principle was applied in the civil case of Moore v. Ray Sumlin Construction Co., 570 So.2d 573 (Ala.1990). In Moore, this Court recognized that it is the trial judge who must determine if a prima facie case of discrimination has been presented. If a prima fa-cie case is shown, the burden then shifts to the appellee to provide race-neutral reasons for the challenged strikes. 570 So.2d at 574-575. Because the appellant had made a prima facie showing and the court had not required the appellees to provide race- *1104 neutral reasons, this Court in Moore remanded the cause in accordance with Bat-son for an evidentiary hearing to allow the appellee to present its reasons for the challenged strikes. The fact that the appellees in this case used all eight of their peremptory challenges to strike blacks from the jury venire provides the inference of discrimination needed to support a remand consistent with Moore.
We, therefore, remand this case for further proceedings consistent with this opinion.
REMANDED.
HORNSBY, C.J., and JONES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON, SHORES and HOUSTON, JJ., dissent.

. Although this defendant was so designated in the complaint, its answer reflects that its true name is “Family Dollar Stores, Inc.”