Andy and Zeatherine Moore filed an action against Ray Sumlin Construction Company, Inc. ("Sumlin"), seeking damages for a personal injury sustained by Mr. Moore as a result of his being struck in the head by a piece of lumber. The jury returned a verdict for Sumlin, and the trial court entered judgment on the verdict. The Moores, in their motion for a judgment notwithstanding the verdict or in the alternative for a new trial, contended that they were entitled to a new trial because Sumlin had failed to provide race-neutral reasons for its peremptory strikes of blacks from the venire.
On appeal, pursuant to the holdings in Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), Thomas v.Diversified Contractors, Inc., 551 So.2d 343 (Ala. 1989), and their progeny,[1] we remanded the cause for the trial court to conduct a hearing to determine whether Sumlin's strikes comported with the principles announced in Batson, DiversifiedContractors, and their progeny. Moore v. Ray SumlinConstruction Co., 570 So.2d 573 (Ala. 1990). On that remand, the trial court granted the Moores' motion for new trial, based on their Batson objections. Sumlin now appeals the trial court's order granting the new trial.
Ex parte Branch, 526 So.2d 609 (Ala. 1987), contains the most comprehensive discussion of how Alabama courts deal with Batson
issues, and we refer the bench and bar to that case for a thorough explanation of those issues. See also Edmonson v.Leesville Concrete Co., ___ U.S. ___, 111 S.Ct. 2077,114 L.Ed.2d 660 (1991) (Batson applies to civil cases); Powers v.Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991);Thomas v. Diversified Contractors, Inc., 578 So.2d 1254
(Ala. 1991) (this opinion gives our judgment after the order of remand stated in Thomas v. Diversified Contractors, Inc.,551 So.2d 343 (Ala. 1989)); Harrell v. State, 555 So.2d 263
(Ala. 1989).
We note that when the Moores challenged Sumlin's peremptory strikes under Batson, they had the initial burden of persuasion as the moving party. Branch, at 622. If they established a prima facie case, then there arose a presumption that the peremptory challenges were used to discriminate against black veniremembers. See Branch, at 623. Sumlin then would have had the burden of articulating clear, specific, and legitimate reasons for the strikes — reasons that related to the particular case to be tried and that were nondiscriminatory.Id. If Sumlin offered nondiscriminatory reasons for striking the black veniremembers, the Moores would have been entitled to offer evidence indicating that the reasons or explanations given were merely a sham or pretext. Branch, at 624. One example of evidence that can be used to show sham or pretext is "disparate treatment" of jurors; for example, the Moores could show that Sumlin did not strike white persons with characteristics that were the same as, or that were similar to, the characteristics of the black persons that Sumlin struck.Id.
In regard to proving their prima facie case, the Moores indicated that they were black. Furthermore, they pointed out that the venire consisted of 28 people, from which a 12-person jury was chosen. Nine of the 28 people were black. Each side was given 8 peremptory strikes. Sumlin used its 8 peremptory strikes to remove 8 of the nine black veniremembers. That is sufficient evidence to prove the Moores' prima facie case of discrimination, Branch, at 623-24; proof of that prima facie case imposed on Sumlin the burden to provide *Page 1322 
nondiscriminatory reasons for its strikes. Id.
Sumlin stated to the trial court that because of the "difficulty" of the case and because the Moores might not be entitled to recover any money, Sumlin, in using its strikes, was seeking a "mature" jury. To be sure, in certain cases, age may be a sufficient reason to defeat the prima facie case of discrimination. Harrell v. State, at 168, n. 1. Furthermore, Sumlin argues, in striking veniremembers it was seeking to exclude veniremembers employed in "unskilled positions," because, Sumlin says, as jurors such persons might unduly sympathize with Mr. Moore, who also had been so employed throughout his life. We do not determine whether these reasons were clear and specific reasons that were related to the particular case to be tried, Branch, at 623, because we resolve the case on other grounds.
Sumlin struck the following black veniremembers:
 1. Charles White, a 77-year-old male, retired from a custodial job with the Naval Reserve.
 2. Irma Payne, a 42-year-old female employee of Val Mode, a lingerie manufacturer.
 3. Jacquelyn Jowers, a 32-year-old female employed as a cook.
 4. Marvin Crockett, a 21-year-old male, employed by St. Matthew's Catholic Church.
 5. James Portis, a 24-year-old male employed as a grinder.
 6. Dianna Rackley, a 26-year-old female, who was a supervisor at a local motion-picture theater.
 7. Christine Davidson, a 33-year-old female trainee at a McDonald's hamburger restaurant.
 8. Patricia Jordan, a 34-year-old female employed as a clerk at AmSouth Bank.
The following people served as jurors in the case:
 1. Maudie Vanerman, a 69-year-old white female student at a local junior college.
 2. Eva McLeod, a 42-year-old white female employed as a social worker at Mercy Medical, a local Catholic hospice.
 3. Eleanor Parker, a 48-year-old white female employed by American Best.
 4. Louisie Raines, a 59-year-old white female clerk at the University of South Alabama.
 5. Robert Stalcup, a 26-year-old white male deckhand for a local towboat operator.
 6. Sinikka Wirkkala, a 50-year-old white female beauty adviser at a J.C. Penney's store.
 7. Mary Steber, a 36-year-old clerk in the accounting department of the University of South Alabama.
 8. Lillie Bettis, the lone black juror, a 36-year-old instructor at a local trade school.
 9. Debbie Stringfellow, a 35-year-old white female newspaper delivery person.
 10. Raymond Wilson, a 22-year-old "signman" for Modern Signs, a local outdoor billboard company.
 11. Elizabeth Wassman, a 42-year-old white female driver for a local laboratory company.
 12. Virginia Hise, a 37-year-old white female employed in the receiving department of a local packing company.
For the most part, Sumlin's strikes of black veniremembers seem consistent with the purportedly race-neutral reasons given to justify those strikes. Even Sumlin's strike of Charles White, although he was certainly "mature" at 77 years of age, might be justified pursuant to its second allegedly race-neutral reason, because White was a laborer retired from an "unskilled position."
Nevertheless, Sumlin's argument that it struck the black veniremembers for legitimate race-neutral reasons does not withstand scrutiny, because of the disparate treatment that it accorded white venire-members. Branch, at 623-24. Seven of *Page 1323 
the 8 black veniremembers that were struck were 21-42 years old; 7 of the 11 white jury members were between the same ages. Although at least 7 and possibly all 8 of the black veniremembers that were struck were employed in apparently "unskilled positions," Sumlin did not strike white veniremembers who also worked in apparently "unskilled positions"; for example, Sumlin did not strike a white person who was employed as a deckhand for a towboat operator, a white "signman" for a billboard company, a white driver for a laboratory company, a white employee in the receiving department of a packing company, a white newspaper deliverer, and a white student. No doubt, the student was 69 years old and thus "mature", but 77-year-old Charles White, a retired custodian, was struck.
The disparate treatment pointed out here provided the trial court a proper basis for holding that Sumlin had failed to provide legitimate race-neutral reasons, Branch, at 623, for its strikes of several black venire-members and, accordingly, for ordering a new trial.
The new trial order is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.
[1] Batson holds, in general, that the Equal Protection Clause of the 14th Amendment to the United States Constitution forbids a prosecutor from striking jurors because of their race.Diversified Contractors applies that holding to civil cases in Alabama state courts.