A black defendant was charged with the murder of a black victim at a lounge in Selma, Alabama. The jury, whose unanimous verdict found the defendant guilty, was composed of seven black jurors and five white jurors. The state used three of its peremptory challenges to strike white veniremen. Where is theprima facie case of discrimination on the part of the state? I do not see it. Therefore, I am "compelled" to vote to affirm the judgment of the Court of Criminal Appeals and that of the trial court.
The peremptory challenge is party neutral. It does not favor the state or the defendant in a criminal case. It does not favor a plaintiff or a defendant in a civil action. Although I fear that I am an eyewitness to it, I refuse to participate in the demise of the peremptory challenge. See Ex parte Branch,526 So.2d 609, 632-34 (Ala. 1987) (Houston, J., dissenting); see, also, Guthrie v. State, 598 So.2d 1020 (Ala. 1992) (Houston, J., dissenting); Ex parte Adkins, 600 So.2d 1067
(Ala. 1992) (Houston, J., concurring in the result).
I concluded my dissent in Thomas v. Diversified Contractors,Inc., 551 So.2d 343, 349-58 (Ala. 1989), with this paragraph:
 "I respectfully dissent, because the decision today will impair severely the utility of a procedural device whose underlying justification — the community's and the litigants' acceptance of a jury as 'a good and proper mode of deciding matters' — is, in my opinion, desperately needed today."