BOWEN, Judge.
The appellant, Charlie Mayes, was convicted of the unlawful distribution of cocaine and was sentenced to 20 years’ imprisonment. He raises three issues on this appeal from that conviction.
I.
There was no violation of the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
*430 There were five blacks on the jury veni-re. The prosecutor struck two blacks from the jury venire. Three blacks sat on the jury. The prosecutor contended that the appellant had not presented a prima facie case of discrimination, but, at the direction of the trial judge, stated his reasons for the two strikes. One veniremember was struck because she was unemployed and was 21 years old. In addition, there was no information on the list from the clerk’s office as to her marital status. The reason for striking the second black veniremember was because he was 21 years old.
In explaining his reasons, the prosecutor stated that “with the exception of one juror, [he struck] everybody that was less than 30 years of age.... [I]t has been my experience in trying drug cases, that older jurors make better jurors than do younger jurors. And, I have tried to make it a policy to strike people less than 30 years of age.” R. 7. The one veniremember under 30 years of age the prosecutor did not strike was a black female who was a nurse. In that regard, the prosecutor stated, “I felt like a nurse, knowing about the drug problems and working on a day-to-day basis, I would not strike her.” R. 6.
When asked by the trial court if he had anything to say in rebuttal, defense counsel replied that he did not.
The trial judge then stated:
“As to Mr. Maxwell’s contentions concerning the age, I will take judicial notice of the fact when I was a defense lawyer, I certainly followed the practice of doing my best to strike older jurors based on the same consideration that older jurors were less likely to be sympathetic in any view to people charged with controlled substance act violations.” R. 8.
The jury voir dire is not a part of the record on appeal.
In Ex parte Bird, 594 So.2d 676, 682-83 (Ala. 1991), the Alabama Supreme Court stated:
“[W]e realize that in certain cases age may serve as a legitimate racially neutral reason for a peremptory strike. See Harrell [v. State ], 555 So.2d [263,] at 268 n. 1 [ (Ala.1989) ]. However, the age rationale is highly suspect because of its inherent susceptibility to abuse. Batson, 476 U.S. at 106, 106 S.Ct. at 1728 (Marshall, J., concurring) (‘[a]ny prosecutor can easily’ ground a challenge upon an allegation that a ‘juror had a son about the same age as the defendant’). A mere summary declaration that age was a factor in the decision to strike is, therefore, constitutionally deficient and warrants reversal. Owens v. State, 531 So.2d 22, 26 (Ala.Crim.App.1987).”
See also Ray Sumlin Constr. Co. v. Moore, 583 So.2d 1320, 1322 (Ala.1991).
The inherent suspectibility of the prosecutor’s two strikes based on age is dispelled in this case based on the combination of four factors. First, we find it very significant that the prosecutor intentionally did not strike one black veniremember who was under 30 years of age. Second, of the five blacks on the venire, three actually served on the jury. “Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing a discriminatory impact, ... then it should also be available to show the absence of a discriminatory purpose.” Harrell v. State, 571 So.2d 1270, 1271-72 (Ala. 1990), cert. denied, — U.S.-, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). Third, there was no disparate treatment present in this case. The prosecutor struck both black and white venire members who were under 30 years of age. See Moore, 583 So.2d at 1322-23; Carrick v. State, 580 So.2d 31, 32 (Ala.Cr.App.1990); Powell v. State, 548 So.2d 590, 593 (Ala.Cr.App.1988), affirmed, 548 So.2d 605 (Ala.1989). And fourth, the trial judge recognized not only that he considered the reason race neutral, but also that as a defense attorney he had employed that very rationale in striking venire-members in drug cases.
II.
The remaining three issues raised by the appellant are without merit.
1) The appellant contends that it was error for Dothan Police Officer Gary Cole *431 man[1] to testify that he identified the appellant from a video tape recording of the drug transaction. R. 46. There was no objection to Coleman’s testimony and this issue is not preserved for review.
2) Although defense counsel had earlier objected on the ground that he did not “understand the scope of redirect” examination of Dothan police officer Tommy Edward Meritt, R. 51, there was no objection to the questions eliciting Meritt’s testimony that the drug transaction occurred approximately four-tenths of a mile from the Carver Middle School. R. 52.
3) The appellant’s argument that there was insufficient evidence to prove a prima facie case of the charged offense is without merit. The appellant was positively identified by the undercover police officer who had purchased the crack cocaine from the appellant. His testimony was corroborated by a video taped recording of the transaction.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. The officer is mistakenly identified as Officer Gonzales on two separate occasions in the appellant’s brief. Appellant's brief at 9 and 10.