PER CURIAM.
Glyn Ed Newton brought an action against J & W Promotion, Inc., William E. White, Grant Keys, and Johnny E. Roland, seeking damages for an alleged breach of contract and seeking a declaratory judgment regarding acceleration of payments on a promissory note. The court held a jury trial on the breach of contract count and entered a judgment on the verdict for Newton. The defendants appealed, but this Court remanded the cause on the ground that a final judgment had not been entered. See Rule 54(b), Ala.R.Civ.P., and Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). Rather than making the judgment on the contract count final either pursuant to Rule 54(b) or by adjudicating the declaratory judgment claim, the trial court set a hearing on a motion for a new trial. Thus, that original appeal was dismissed.
The hearing on the motion for new trial pertained to the defendants’ objections that the plaintiff used his peremptory jury challenges in a racially biased manner and thereby violated the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). At the trial, the court had overruled those objections on the ground that Batson did not apply to civil actions. Shortly before this Court remanded this action for lack of a final judgment, it decided Thomas v. Diversified Contractors, Inc., 551 So.2d 343 (Ala.1989), holding that the principles of Batson are applicable to civil cases. The United States Supreme Court has also so held. Edmonson v. Leesville Concrete Co., — U.S.—, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).
At the hearing, the evidence showed that Newton had used the first 7 of his 10 jury strikes to remove all of the blacks from the venire. Newton is white and the individual defendants, who own almost all the stock of the corporate defendant, are black. The trial court held that the defendants had presented a prima facie case of racially biased peremptory strikes and required Newton to present race-neutral reasons for those strikes. Newton’s reasons were insufficient, and the trial court so held. On October 10, 1990, the trial court entered an order finding a Batson violation and ordering a new trial “on the jury issues contained in the complaint.” The court then proceeded to grant the relief sought under the declaratory judgment count, based principally on the evidence that was presented at the jury trial.
On September 26, 1991, however, the trial court set aside its order granting a new trial, without giving any reasons other than the following:
“Upon further consideration of the Supreme Court’s Order of November 1, 1989, directing this Court to either make the Interlocutory Order of September 9, 1988, final pursuant to the provisions of Rule 54(b), or to adjudicate the Declaratory Judgment Count; this Court hereby withdraws that portion of its Order of October 10, 1990, granting Defendants a new trial....”
Thus, the court having ruled on the declaratory judgment count and having reinstated the judgment on the contract count, the *347 judgment “adjudieat[ed] all the claims and the rights and liabilities of all the parties,” Rule 54(b), and was final and appealable.
It was error for the trial court to enter a final judgment on the contract claim after finding that the verdict on which that judgment is based was flawed because of the Batson violation. The September 26, 1991, judgment does not expressly say that the trial court reconsidered the merits of the Batson claim, and it gives no reasons for setting aside the earlier finding of a Bat-son violation. The record amply supports the finding of a Batson violation, and few or none of Newton’s purportedly race-neutral reasons for his strikes satisfies the requirements of Batson. Thus, the judgment on the contract count must be reversed. The declaratory judgment was based principally on the evidence presented at the tainted jury trial, and, moreover, a new jury trial could result in a verdict for the defendants that could be inconsistent with the relief granted in the declaratory judgment. Therefore, the declaratory aspects of the court’s judgment must also be reversed.
Because the trial court must hold a new trial, we pretermit discussion of the other issues raised by the appellants. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.