627 So.2d 1010 (1992)
Monte DEMUNN.
(In re Warren Monte Demunn v. State of Alabama).
1910732.
Supreme Court of Alabama.
September 18, 1992.
Rehearing Denied November 13, 1992.
Ben C. Hand, Jr., Auburn, for petitioner.
James H. Evans, Atty. Gen., for respondent.
PER CURIAM.
The judgment of the Court of Criminal Appeals is affirmed, 627 So.2d 1005, on the authority of Huntley v. State, 627 So.2d 1013 (Ala.1992).
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.
MADDOX, J., concurs specially.
HOUSTON, Justice (concurring in the result).
The record in this case shows that the trial court required the prosecutor to state the reasons for his peremptory strikes, even though the only evidence presented by the petitioner in support of his objection based on the rule of law stated in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), showed (1) that the lawfully established jury venire consisted of at least 64 people, of whom 8 (no more than 12.5%) were black; (2) that the prosecutor had, at least, 26 peremptory strikes; (3) that he used only 3 of those strikes to remove blacks from the venire; (4) that 5 blacks actually served on the jury; (5) that the racial composition of the jury that was ultimately empaneled was approximately 41% black and 59% white; and (6) that the petitioner had approximately 28.5% more blacks on his jury than were on the venire as a whole. Although, as Judge Bowen pointed out in his opinion concurring in the result, the trial court correctly overruled the petitioner's Batson objection, it omitted a critical step in the Batson analysisthe determination as to whether the petitioner had established a prima facie case of purposeful discriminationand erroneously shifted the burden to the prosecutor to prove that he had not stricken blacks solely on the basis of their race. There is an increasing tendency among the trial and appellate courts in this state (this Court included) to rush to review the challenged party's reasons for his strikes without first adequately considering whether he was under any obligation to state those reasons. I agree with Judge Bowen that this case is controlled by Harrell v. State, 571 So.2d 1270 (Ala.1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991). In my opinion, the petitioner had the burden to establish a prima facie case of purposeful discrimination in accordance with the requirements of Batson and, until that burden was met, the prosecutor should not have been required to state the reasons for his strikes.
I would hold that the trial court must determine whether there has been a prima facie showing of a Batson violation before requiring any party to state his reasons for exercising peremptory strikes, and that whenever a trial court overrules a Batson objection on the ground that no prima facie case of purposeful discrimination was shown, the challenged party should state in an affidavit his reasons for striking blacks from the venire. This affidavit would not have to be made a part of the official record, but, instead, could be retained in the challenged party's file for later reference should an appellate court decide that a prima facie case had, in fact, been established.
I would affirm the judgment of the Court of Criminal Appeals, with respect to the Batson issue, for the reasons stated by Judge Bowen in his opinion concurring in the result. *1011 However, I am aware that what I have suggested is not the procedure sanctioned by the majority of this Court in Huntley v. State, 627 So.2d 1013 (Ala.1992); so the opinion expressed is only my own. To paraphrase the exiting line of a now deceased performer: "Good night, peremptory challenge, wherever you are!"
MADDOX, Justice (concurring specially).
See my special concurrence in Huntley v. State, 627 So.2d 1013 (Ala.1992).