AFTER REMAND

BOWEN, Presiding Judge.
Christopher McLeod, the appellant, was convicted for the unlawful distribution of cocaine and was sentenced to ten years’ imprisonment. On original submission, a majority of this Court remanded the cause with instructions that the trial court hold a hearing on the issue of whether the appellant had been denied effective assistance of counsel, even though that issue had not been presented to the trial court. McLeod v. State, 627 So.2d 1068 (Ala.Cr.App.1992). The Alabama Supreme Court granted the attorney general’s petition for writ of certiorari and reversed this Court’s judgment, stating:
“Judge Bowen, dissenting from the opinion of the Court of Criminal Appeals in this case, summed up the situation by stating: ‘[Ajppellate counsel’s failure to take advantage of the procedure announced in [Ex parte] Jackson [598 So.2d 895 (Ala.1992),] is understandable in view of the fact that that case had been decided only six days before counsel was appointed. However, the fact remains that the issue of ineffective assistance was never presented to the trial court.’ Judge Bowen concluded:
“ ‘Contrary to the opinion of the majority, this Court should not automatically remand a cause so that the trial court can make a determination of a defendant’s claim of ineffective representation where that issue is presented for the first time on appeal. The procedure the majority follows in this ease renders ... Jackson unnecessary and totally useless.’
“627 So.2d at 1065. (Emphasis original.)
‘We agree with Judge Bowen’s reasoning and, accordingly, reverse the judgment of the Court of Criminal Appeals. This case is remanded to that court for a determination consistent with this opinion.”
McLeod v. State, 627 So.2d 1065, 1066 (Ala.1993).
I.
The appellant has compiled a “grocery list” of trial counsel’s alleged errors and omissions. However, the appellant has failed to show that “justice requires” a remand to the trial court for consideration of the issue of counsel’s alleged ineffectiveness. That issue was raised for the first time on appeal. “ ‘ “[C]laims of ineffective assistance of counsel may not be considered for the first time on appeal.” ’ ” Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992).
II.
We find totally lacking in merit the appellant’s argument that the evidence is insufficient to support his conviction because the State failed to prove the identify of the individual who sold the cocaine to the undercover officer.
At the time of the offense, Birmingham Police Officer James Blanton was working undercover in Houston County. He testified that on February 8,1991, he purchased crack cocaine from the appellant. He positively *1068 identified the appellant at trial. The “buy” was videotaped. Ashford Police Officer Larry Flowers testified that he had known the appellant all his life. He positively identified the appellant’s voice on the videotape recording. Ashford Police Chief Keith Etheridge had known the appellant for approximately nine years. After watching the video, he stated that there was “no doubt” that the appellant was the person who had sold the cocaine to Blanton.
The appellant testified in his own behalf and denied any participation in the drug sale. Any question as to the identity of the person who sold the cocaine was for the jury. See Mayes v. State, 611 So.2d 429, 431 (Ala.Cr.App.1992).
“The victim’s eyewitness testimony was sufficient evidence of identity. Any conflict in the evidence offered by the State and the evidence offered by the appellant went to the weight and not to the sufficiency of the evidence. The credibility of witnesses and the weight to be given the testimony is for the jury to determine. Johnson v. State, 555 So.2d 818 (Ala.Crim.App.1989); Harris v. State, 513 So.2d 79 (Ala.Crim.App.1987). Conflicting evidence presents a question for the jury, and a verdict rendered on conflicting evidence will not be disturbed on appeal. Johnson; Knight v. State, 548 So.2d 647 (Ala.Crim.App.1989).”
Bennett v. State, 584 So.2d 869, 871 (Ala.Cr.App.1990).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.