THIGPEN, Judge.
In January 1992, Arnold Shiland filed suit against William Charles Yancey, Jr., and others, alleging that he suffered personal injuries when Yancey’s vehicle struck his vehicle in December 1991, and seeking damages accordingly. The cause was heard in September 1992. The jury found for Shiland and awarded $2,065 in damages, and judgment was entered accordingly.
Shiland filed a timely post-judgment motion, alleging, inter alia, that Yancey’s defense lawyer had used his peremptory challenges to improperly remove black venire-members from the jury, and that Yancey’s lawyer improperly referenced Shiland’s religion during the trial. From the denial of this motion, Shiland appeals.
Shiland contends on appeal that the defense’s use of peremptory challenges was racially discriminatory and hence violative of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and that the defense prejudiced his case by emphasizing his religious faith.
*991 At the outset, we note that “[i]t is within the sound discretion of the trial court to determine if peremptory challenges of black jurors were motivated by intentional racial discrimination. The court’s findings in this regard are afforded great deference and will not be reversed on appeal absent clear error.” Jelks v. Caputo, 607 So.2d 177, 179 (Ala.1992).
In Batson, the United States Supreme Court held that a criminal defendant may establish a prima facie case of purposeful discrimination in jury selection solely upon evidence regarding the prosecution’s use of peremptory challenges.
Our Supreme Court has interpreted Bat-son as meaning that the burden of persuasion is initially on the party alleging discriminatory use of the peremptory challenges to establish a prima facie ease of discrimination. Ex parte Branch, 526 So.2d 609 (Ala.1987). After the prima facie case is established, a presumption arises that the peremptory challenges were used to discriminate against black jurors. Branch, supra. The prosecution may rebut this presumption by articulating a “clear, specific, and legitimate reason” for the challenge, which reason must.be race-neutral and related to the particular case being tried. Branch at 623. The specificity required, however, need not rise to the level of a challenge for cause. Branch, supra.
Our Supreme Court has also determined that the Batson standard extends to civil cases as well. Thomas v. Diversified Contractors, Inc., 551 So.2d 343 (Ala.1989). Further, a white litigant has standing to challenge the discriminatory exclusion of blacks from the jury venire. Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); Ex parte Bird, 594 So.2d 676 (Ala.1991).
The record reveals that Yancey’s attorney struck six veniremembers, five of whom were black. Shiland’s attorney protested the striking of three of those five. At the trial court’s Batson hearing, Shiland’s attorney challenged the striking of black prospective jurors who were a self-employed accountant, a manager of a fast-food restaurant, and a fireman. Yancey’s attorney stated that he struck the accountant because he was the same age and self-employed, like Shiland, and that he might therefore identify with Shiland; that he struck the manager because when the assembled veniremembers were asked whether they would prefer not to sit on the case, the manager gave him a look which concerned him greatly, alerting his “lawyer’s intuition” to strike him; and he struck the fireman because firemen, as a group, were active unionists who were prone to sue and to award damages.
Shiland argues that the striking of the accountant was an example of disparate treatment, because, he alleges, several white veniremembers of the same approximate age were not stricken. Yancey’s attorney offered a sufficiently race-neutral explanation for that strike by stating that the accountant was struck because he was about the same age as Shiland, and because both were self-employed.
Shiland argues that the striking of the manager was “the most blatant Batson violation of the three.” Our Supreme Court determined in Bird at 684, that “unarticulat-ed ‘gut feelings’ will not rebut a Branch challenge.” The defense counsel stated that the manager’s facial expression following a question about preferring not to sit on a jury triggered his “lawyer’s intuition” to strike the manager. A juror’s demeanor, including disinterest or desire not to serve as a juror, can provide a sufficiently race-neutral explanation for an attorney’s use of a peremptory challenge. Stephens v. State, 580 So.2d 11 (Ala.Crim.App.1990).
Yancey’s counsel stated that the fireman was struck because generally, firemen were an organized group that were prone to giving damages and that that concerned him. In Branch, supra, our Supreme Court stated that among the types of evidence that can be proffered to show discriminatory intent is “‘an explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically.’ ” Branch at 624. (Citation omitted.) Although Yancey’s attorney may have failed to present a clear and specific explanation for striking the fireman which this court might accept, we are mindful of the great deference *992 afforded the trial court’s findings in this regard, and we do not find clear error. Jelks, supra.
It appears that the failure to articulate a sufficient race-neutral explanation for excluding even a single black veniremember may entitle a litigant to a new trial. Harrell v. State, 555 So.2d 263 (Ala.1989). See also Ex parte Bankhead, 625 So.2d 1146 (Ala.1993). The word “may” indicates that a new trial is not mandatory. Therefore, assuming arguendo that the fireman was erroneously struck, we nevertheless conclude that a new trial was not warranted, based on our careful review of the record, the nature and outcome of the trial, the fact that both parties are white, and the fact that five of the twelve jurors seated at trial were black.
“To be sure, the fact that a larger percentage of black veniremembers eventually is seated on a jury raises less suspicion than if a smaller representation is seated and affords less support for a prima facie case of discrimination.... [I]n fact, a large representation might afford the defendant no support at all and could even weaken his prima facie ease should he be able to establish one on other grounds.”
Bird at 680. (Citations omitted.)
Shiland’s final contention is that the defense prejudiced his case by emphasizing his religious faith. The record transcript discloses that during the cross-examination of Shiland, the defense counsel asked: “You still go to Temple to worship like you always have?” Shiland contends that this question was asked to emphasize his religion as a means to “excite the prejudice of jurors who might be anti-Semitic to some degree.”
The record discloses that Shiland’s attorney did not object to this at trial, but raised this issue for the first time in his motion for a new trial. He contends that an objection at trial was unnecessary because the damage was ineradicable. It is well settled that this court cannot review an issue on appeal in the absence of an objection and adverse ruling thereon by the trial court. Eady v. Dixie Dozer & Equipment Co., 484 So.2d 1106 (Ala.Civ.App.1986).
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., dissents.