SHORES, Justice.
Mozell Gilchrist and Mae Belle Ralph, the plaintiffs, appeal from a judgment entered on a jury verdict for the defendants in an automobile accident case. We affirm.
The accident occurred on the morning of January 10, 1991, on Interstate Highway 65, in the southbound lane, just north of the I-59/1-20 interchange in Birmingham, when the defendant’s vehicle struck the rear of the vehicle in which the plaintiffs were riding. On March 17, 1992, Gilchrist and Ralph sued Linda Ruth Sizemore and State Farm Mutual Automobile Insurance Company. The defendants answered the complaint with a general denial and the defense of contributory negligence. A jury rendered a verdict in favor of the defendants.
The plaintiffs raise two issues before this Court. They first raise a Batson[1] issue, contending that the trial court erred in determining that the defendants’ peremptory challenges of four black jurors were not motivated by intentional racial discrimination.[2] In response to the plaintiffs’ motion raising a challenge to the venire under Batson and Ex parte Branch, 526 So.2d 609 (Ala.1987), made applicable to civil cases in Thomas v. Diversified, Contractors, Inc., 551 So.2d 343 (Ala.1989), the trial judge ruled that the plaintiffs had made a prima facie showing of discrimination on the basis of race because the defendants struck five of the six black venire-members. This required the defendants to offer race-neutral reasons for each of their jury strikes. The plaintiffs conceded that there was a facially race-neutral reason for striking juror S., a former client of the plaintiffs’ attorney’s law firm; thus only four strikes were challenged.
The defendants offered the following explanation for striking the other prospective jurors: 1) Juror G. had been a plaintiff in an action seeking a money judgment; she had a relative who was a Birmingham police officer (the investigating officer’s testimony might have been adverse to the defendant); and she had been a patient at Cooper Green Hospital; 2) Juror H.’s mother had been a patient at Cooper Green Hospital and her husband and daughter had been in an automobile rear-end collision; 3) Juror C. was a professional truck driver, had been a patient at Cooper Green Hospital, and had been in an automobile rear-end collision; 4) Juror P. had been in a rear-end collision, had been treated by Cooper Green Hospital following that collision, and had been a plaintiff in an action seeking damages based on that accident. The trial judge accepted these reasons as nondiscriminatory. We agree. It is not necessary that the explanation given rise to the level of a challenge for cause; rather, it need only be a neutral explanation related to *411 the particular case to be tried. Thomas v. Diversified Contractors, Inc., supra, at 346, appeal after remand, 578 So.2d 1254 (Ala.1991); Moore v. Ray Sumlin Construction Co., 570 So.2d 573 (Ala.1990), appeal after remand, Ray Sumlin Construction Co. v. Moore, 583 So.2d 1320 (Ala.1991).
The plaintiffs contend that the explanations given are a sham. We disagree. As the trial judge noted, the strikes were based upon a combination of factors that might cause a juror to favor the plaintiffs in the case, especially the fact that all of those struck either had been plaintiffs themselves or had themselves been involved in automobile rear-end collisions. When they made the strikes, the defendants anticipated the introduction of the entirety of the plaintiffs’ Cooper Green Hospital records as well as possible medical experts from Cooper Green. Therefore, it was reasonable for the defendants to strike members of the venire who had a connection with that hospital. While there was evidence that the defendants did not strike one white veniremember who had been a patient at Cooper Green Hospital, there was no evidence that there were other factors about that veniremember’s background that would possibly have favored the plaintiffs, and, thus, would cause her to be struck. We find no evidence of disparate treatment here.
The second issue raised is whether the trial court erred in refusing to give a portion of a jury charge requested by the plaintiffs. The requested charge included § 32-5A-89(a), Ala.Code 1975, part of the Alabama “Rules of the Road”:
“The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. Except when overtaking and passing another vehicle, the driver of a vehicle shall leave a distance of at least 20 feet for each 10 miles per hour of speed between the vehicle that he is driving and the vehicle that he is following.”
(Emphasis added.) The trial judge gave the requested charge, with the exception of the emphasized sentence. The plaintiffs objected. In overruling the objection, the trial judge stated that there was no evidence that the defendant had failed to leave that distance and that the rule of the road concerning driving at a reasonable and safe speed behind another vehicle did not apply to this case. The record supports this statement. Where there is no evidence supporting a proposed jury instruction, the trial judge’s refusal to give the instruction is proper. Ex parte Rollins, 403 So.2d 918 (Ala.1981); Ford Motor Co. v. Phillips, 551 So.2d 992, 995 (Ala.1989).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. Plaintiffs Gilchrist and Ralph are black; the defendant Sizemore is white.