I agree with John Jackson's discussion in his brief about peremptory challenges: "[A]n attorney should be able to [strike] a juror based upon what he hears and how [members of the venire] respond by nonverbal means." See Ex parte Branch, 526 So.2d 609, 632-34 (Ala. 1987) (Houston, J., dissenting); see also Ex parte Weaver, 682 So.2d 493 (Ala. 1996) (Houston, J., dissenting); *Page 1076 Ex parte Bruner, 681 So.2d 173, 194 (Ala. 1996) (Houston, J., concurring in the result); Nix v. Chilton County Comm'n, 667 So.2d 719, 721-22
(Ala. 1995) (Houston, J., concurring in the result); Ex parte Thomas,659 So.2d 3, 8-9 (Ala. 1994) (Houston, J., concurring in the result);Ex parte Bankhead, 625 So.2d 1146, 1149 (Ala. 1993) (Houston, J., dissenting); Ex parte Demunn, 627 So.2d 1010, 1010-11 (Ala. 1992) (Houston, J., concurring in the result); Huntley v. State, 627 So.2d 1013, 1018-19
(Ala. 1992) (Houston, J., dissenting); Ex parte Thomas, 601 So.2d 56, 59
(Ala. 1992) (Houston, J., dissenting); Ex parte Adkins, 600 So.2d 1067,1072 (Ala. 1992) (Houston, J., concurring in the result); Moore v.Ray Sumlin Constr. Co., 570 So.2d 573, 575 (Ala. 1990) (Houston, J., dissenting); Thomas v. Diversified Contractors, Inc., 551 So.2d 343,349-53 (Ala. 1989) (Houston, J., dissenting); Van Scoy v. State,555 So.2d 195 (Ala. 1989) (Houston, J., dissenting); Ex parte Jackson,516 So.2d 768, 773 (Ala. 1986) (Houston, J., concurring in the result). But that is a battle I fought and lost; I have long since joined my fellow Justices in recognizing that Batson v. Kentucky, 476 U.S. 79
(1986), and its progeny, substantially changed, if they did not eliminate, the peremptory challenge as it was known prior to Batson.