ON APPLICATIONS FOR REHEARING
The opinion of February 28, 1992, is withdrawn and the following is substituted therefor.
Carlos Dewayne Jackson was convicted on September 21, 1990, of first degree robbery and attempted murder. He was represented at trial and through sentencing by appointed counsel. At sentencing on October 30, 1990, and upon the request of appointed counsel, another attorney was appointed to represent Jackson on appeal. The 30-day period allowed for filing a motion for a new trial expired on November 29, 1990. Neither trial nor appellate counsel filed a motion for a new trial, and appellate counsel did not request an extension of time to file such a motion. The reporter's transcript was not completed and certified until December 25, 1990.
The Court of Criminal Appeals, in an unpublished memorandum, 579 So.2d 711, relying on its earlier decision in Dossey v.State, 489 So.2d 662 (Ala.Crim.App. 1986), affirmed the judgment and held that Jackson's claim of ineffective assistance of counsel was procedurally barred because he had failed to raise the issue in the trial court by motion for new trial or otherwise. In Dossey, the Court of Criminal Appeals had stated, " ' "[C]laims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the . . . [trial] court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations." ' " 489 So.2d at 666 (quoting United States v. Barham, 666 F.2d 521, 524 (11th Cir.), cert. denied, 456 U.S. 947, 102 S.Ct. 2015,72 L.Ed.2d 470 (1982)).
Jackson contends that when appointed trial counsel and appointed appellate counsel differ, and appellate counsel is required to present any ineffective-assistance-of-counsel claim to the trial court by motion for a new trial, and is required to do so before the reporter's transcript is available, it is a denial of procedural due process for the appellate court to treat the failure to present the ineffective-assistance-of-counsel *Page 897 
claim at trial as a procedural bar to the presentation of the claim on appeal. We granted Jackson's petition for a writ of certiorari to address this issue, and we now affirm.
Initially, we reaffirm the principle that " 'claims of ineffective assistance of counsel may not be considered for the first time on direct appeal.' " Jackson v. State,534 So.2d 689, 692 (Ala.Crim.App. 1988) (quoting United States v.Stitzer, 785 F.2d 1506, 1520 (11th Cir.), cert. denied, Pernav. United States, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44
(1986)). The rationale for this rule has been explained in the following manner:
 " 'Because the issue was not presented to the district court, the record on appeal is necessarily inadequate to determine the merits of the allegations on that issue at the appellate level. From such references should not be drawn an implication that a particular record on appeal would warrant the appellate court in finding either effective or ineffective assistance of counsel. It is facts bearing on the precise issue that are needed and obtainable only after presentation to and determination by the district court.
 " 'Moreover, once the record on appeal is plumbed for facts bearing on the issue, the damage to the judicial process is done. An election to decide whether the record on appeal is adequate for decision on the issue not only adds to the burgeoning workload of appellate judges in a particular case, but makes a mockery of the repeated statement that the issue may not be presented for the first time on appeal.
 " 'To preclude, unequivocally and without cavil, presentation of the issue for the first time on appeal is not to deny the convicted an opportunity to present it. The rule does not deny presentation, it merely locates it.' "
Jackson v. State, 534 So.2d 689, 692 (Ala.Crim.App. 1988) (quoting United States v. Griffin, 699 F.2d 1102, 1108-09 (11th Cir. 1983)).
In light of this rationale, we will not make exception to the rule that a claim of ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court. We encourage counsel, whenever possible, to ascertain any possible defect in the trial process and to make an issue of that defect in an appropriate motion for a new trial. Failure to include a reasonably ascertainable issue in a motion for a new trial will result in a bar to further argument of the issue on appeal and in post-conviction proceedings.
We recognize that when an attorney is appointed to represent a defendant on appeal, it is unlikely that the reporter's transcript will be made available to him before the 30-day period within which to file a motion for a new trial has expired. Although some grounds for a new trial may be discovered in the absence of a transcript, the absence of a transcript may prevent appointed appellate counsel from ascertaining all of the grounds to support a motion for a new trial. Therefore, we hold that if the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court. We believe that this exception to the rule that "[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced," Rule 24.1(b), A.R.Crim.P., is an appropriate accommodation of the interest of the judiciary in having the benefit of *Page 898 
the trial court's development of the issues and the interest of the defendant in fully presenting any meritorious argument regarding those issues.
Although Rule 31(a), A.R.App.P., requires an appellant to "serve and file his brief within 28 days (4 weeks) after the date shown on the copy of the certificate of completion of the record on appeal," where the procedure described herein is applicable, an appellant shall serve and file his brief within 28 days (4 weeks) after the trial court's ruling on a motion for a new trial. This exception to Rule 31(a) will avoid the possibility that an appellant's brief will be due before the trial court's ruling on a motion for a new trial.
Turning to the facts of the present case, we hold that Jackson may file a petition for relief from his conviction under Rule 20, A.R.Crim.P.Temp.[1] Rule 20.1 provides:
 "[A]ny person who has been convicted of a criminal offense may . . . institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
 "(a) The Constitution of the United States or of the state of Alabama requires a new trial, a new sentence proceeding, or other relief."
In Ex parte Lockett, 548 So.2d 1045, 1048 (Ala. 1989), this Court stated that "ineffective assistance of counsel claims are cognizable in Rule 20 petitions pursuant to Rule 20.1(a), Temp.A.R.Crim.P."
Moreover, Temporary Rule 20.9(a) provides: "Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact." Thus, Jackson will have the opportunity to prove "by a preponderance of the evidence the facts necessary to entitle him to relief." Rule 20.3, A.R.Crim.P.Temp. In Ex parteLockett, we stated:
 "The standard this Court has adopted to test the effectiveness of counsel is stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That standard requires petitioner to show 'that counsel's representation fell below an objective standard of reasonableness,' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "
548 So.2d at 1048 (citations omitted). Thus, if Jackson is able to meet this burden, he will have a constitutional entitlement to relief under Rule 20, A.R.Crim.P.Temp. He may then appeal an adverse decision of the circuit court to the Court of Criminal Appeals. Rule 20.10, A.R.Crim.P.Temp.
Therefore, because of the availability of the procedure set out above, we hold that Jackson has not been denied his constitutional right to procedural due process. The judgment of the Court of Criminal Appeals is affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS OVERRULED; AFFIRMED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The Alabama Rules of Criminal Procedure have been adopted and are effective for criminal proceedings commencing on or after January 1, 1991. Rule 32, A.R.Crim.P., corresponds to Temporary Rule 20. However, because this proceeding was pending on January 1, 1991, the Temporary Rules of Criminal Procedure are applicable. See Rule 1.5, A.R.Crim.P.