BOWEN, Judge,
dissenting.
I dissent from the opinion of the majority, which addresses none of the matters presented in this dissent.
In this case, new counsel, different from trial counsel, was appointed to represent the appellant on January 16, 1992. Appellate counsel filed a motion for new trial on April 3,1992, but did not raise the issue of ineffective assistance of trial counsel.
In Ex parte Jackson, 598 So.2d 895 (Ala.1992),[1] the Alabama Supreme Court an *1059 nounced a new procedure to be followed to allow newly appointed appellate counsel to “have the means to raise all appropriate issues before the trial court,” and in particular, the issue of ineffective assistance of trial counsel. In so doing the Supreme Court reaffirmed the well-settled rule “that ‘ “claims of ineffective assistance of counsel may not be considered for the first time on direct appeal.’”” 598 So.2d at 897. After setting out the rationale for this rule, the Supreme Court stated:
“In light of this rationale, we will not make exception to the rule that a claim of ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court. We encourage counsel, whenever possible, to ascertain any possible defect in the trial process and to make an issue of that defect in an appropriate motion for a new trial. Failure to include a reasonably ascertainable issue in a motion for a new trial will result in a bar to further argument of the issue on appeal and in post-conviction proceedings.” Id. at 897.
Here, appellate counsel failed to take advantage of the procedure announced in Jackson.
Where claims of inadequate assistance of trial counsel are raised for the first time on appeal, “the Court of Criminal Appeals has authority to remand a ease, if it determines justice would require it, to the trial court for a determination to be made on the defendant’s claim that he was inadequately represented at his trial.” Thompson v. State, 525 So.2d 820, 831 (Ala.1985) (emphasis in original). See also Ex parte Harper, 594 So.2d 1181, 1195 (Ala.1991). In this case, the appellant has not made such a showing and the majority has not made any finding that justice requires the remand.
Contrary to the opinion of the majority, this Court should not automatically remand a cause so that the trial court can make a determination of a defendant’s claim of ineffective representation where that issue is presented for the first time on appeal. The procedure the majority follows in this case renders the Alabama Supreme Court case of Jackson unnecessary and totally useless. The appellant’s remedy is a petition for post-conviction relief.

. In Jackson, the Supreme Court stated:
‘‘[W]e hold that if the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter’s transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than *1059 from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court.” 598 So.2d at 897.
The Jackson opinion had been issued on February 28, 1992; it was withdrawn on May 8, 1992, and a substitute opinion was issued that date. However, the Jackson opinion of May 8 is identical to the February 28 opinion except that it establishes the procedure for the filing of appellate briefs.