JAMES H. FAULKNER, Retired Justice.
Christopher McLeod was indicted for the unlawful distribution of a controlled substance, to-wit: cocaine, in violation of § 13A-12-211 Code of Alabama, 1975. He was tried before a jury, was found guilty, and was sentenced to five years in the penitentiary plus an additional five years under the schoolyard statute, § 13A-12-250, Code of Alabama.
At his trial, McLeod was represented by appointed counsel. On appeal, McLeod is represented by different appointed counsel. There was no motion for new trial filed under Rule 24, A.R.Cr.P.
On appeal, McLeod alleges that he was denied effective assistance of counsel. This issue is raised for the first time on appeal. Because it is raised for the first time on appeal, this court has nothing to review on that issue. Evans v. State, 410 So.2d 143 (Ala.Cr.App.1981); Heath v. State, 485 So.2d *1064 1226 (Ala.Cr.App.1986). An ineffective assistance claim that was not raised in the trial court cannot be addressed by this court on direct appeal. The trial court has not had an opportunity to develop evidence by holding a hearing on the merits of the issue. Dossy v. State, 489 So.2d 662 (Ala.Cr.App.1986). The ineffective assistance of counsel claim is not properly before this court. See Perry v. State, 586 So.2d 236 (Ala.Cr.App.1990). We, therefore, remand this case to that trial court and instruct that court to hold a hearing on the issue of denial of effective assistance of counsel within the purview of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We pretermit discussing the remaining issue raised in the appeal.
REMANDED WITH DIRECTIONS.
PATTERSON, TAYLOR, McMILLAN and MONTIEL, J., concur.
BOWEN, J., dissents with opinion.