Christopher McLeod was convicted of a violating § 13A-12-211, Ala. Code 1975, related to his possession of a controlled substance. McLeod appealed his conviction to the Court of Criminal Appeals, arguing, inter alia, that he had been denied effective assistance of counsel at trial. The Court of Criminal Appeals held that McLeod could not properly raise that claim for the first time on direct appeal. 627 So.2d 1063 (1992). That court remanded the case to the trial court with instructions to hold a hearing on the merits of the claim. We granted certiorari review. Citing Ex parte Jackson,598 So.2d 895 (Ala. 1992), McLeod argues that the Court of Criminal Appeals erred in remanding this case for such a determination.
The issue is whether the Court of Criminal Appeals can so remand this case, in light of Jackson and in light of the absence of any finding by the Court of Criminal Appeals that justice requires such a remand.
In Jackson, we outlined the proper procedure for making in the trial court a claim such as McLeod's, where, as here, the defendant is appointed new counsel after trial. We stated:
 "[I]f the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his [or her] appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such *Page 1066 
time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court."
598 So.2d at 897.
Our initial opinion in Jackson was issued on February 28, 1992, six days after new post-trial counsel was appointed for McLeod. That February 28 opinion was withdrawn on May 8, 1992, and another opinion was substituted on that date. However, the language quoted above was substantially the same in both opinions.
Also, in the substituted Jackson opinion we reiterated that we made no exception "to the rule that a claim of ineffective assistance of [trial] counsel may not be considered on appeal if it was not first presented to the trial court." 598 So.2d at 897. However, we have held that the Court of Criminal Appeals can remand a case for the trial court to hear an ineffective assistance of counsel claim, where the claim is first raised on appeal "if it determines justice would require it." Thompson v.State, 525 So.2d 820, 831 (Ala. 1985) (emphasis in original). In the present case, there has not, as yet, been such a determination.
Judge Bowen, dissenting from the opinion of the Court of Criminal Appeals in this case, summed up the situation by stating: "[A]ppellate counsel's failure to take advantage of the procedure announced in Jackson is understandable in view of the fact that that case had been decided only six days before counsel was appointed. However, the fact remains that the issue of ineffective assistance was never presented to the trial court." Judge Bowen concluded:
 "Contrary to the opinion of the majority, this court should not automatically remand a cause so that the trial court can make a determination of a defendant's claim of ineffective representation where that issue is presented for the first time on appeal. The procedure the majority follows in this case renders . . . Jackson unnecessary and totally useless."
627 So.2d at 1065. (Emphasis original.)
We agree with Judge Bowen's reasoning and, accordingly, reverse the judgment of the Court of Criminal Appeals. This case is remanded to that court for a determination consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.