MONTIE L, Judge.
This is a companion case to Jordan v. State, 629 So.2d 738, on appeal from the Circuit Court of Montgomery County, Alabama (CC-92-372, -373, -375, and -376). The appellant in this case, Michael Ray Jordan, and Carl McArthur Jordan were tried as co-defendants. The appellant was indicted under four separate indictments charging him with the same crimes with which Carl Jordan was charged. Count one of the first indictment charged him with burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975, and count two of that indictment charged him theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975. Count one of the second indictment charged him with theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975, and count two of that indictment charged him with burglary in the first degree, in violation of § 13A-7-5, Code of Alabama 1975. Count one of the third indictment charged the appellant with intentional murder, and count two charged him with reckless murder, in violation of § 13A-6-2, Code of Alabama 1975. The fourth indictment charged the appellant with criminal mischief in the first degree, a violation of § 13A-7-21, Code of Alabama 1975. The jury found the appellant guilty on all counts, except the count charging intentional murder. He was sentenced to 10 years’ imprisonment on one count of theft of property in the first degree, 3 years’ imprisonment on the other theft of property in the first degree, 3 years’ imprisonment on the count of burglary in the first degree, 3 years’ imprisonment on the count of burglary in the third degree, 10 years’ imprisonment on the count of criminal mischief in the first degree, and 20 years’ imprisonment on the count of reckless murder. The appellant’s sentences are to be served concurrently, with the exception of the sentence for reckless murder, which is to be served consecutively to the other sentences. Because the facts of this case are set forth in this Court’s opinion in Carl Jordan’s appeal issued today, we will not reiterate them here. For purposes of this appeal we address only that issue not addressed in the opinion issued in Carl Jordan’s appeal.
The appellant argues that this Court erred in ruling that the trial court did not have jurisdiction to consider the appellant’s out-of-time motion for a new trial. Specifically, the appellant argues that although his appointed counsel did not file a motion with the trial court to suspend the running of time for the filing of a motion for new trial, the trial court should consider the motion. We disagree.
The Alabama Supreme Court, in Ex parte Jackson, 598 So.2d 895 (Ala.1992), set forth a procedure for newly appointed appellate counsel to follow in seeking an out-of-time motion for a new trial. The Court stated:
“[W]e hold that if the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary, and shall also note that the time within which to file a motion for a new trial is extended in such case provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter’s transcript is prepared and filed, then in that event, the 30 day period within which to file a motion for a new trial shall be computed from the date the reporter’s transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of pronouncement of sentence, as provided for in 24, A.R. Crim.P.”
Id. at 897.
Appellate counsel was appointed on August 18, 1992. Appellate counsel did not file a motion with the trial court requesting that the time to file a motion for a new trial be suspended until the completion of the reporter’s transcript. The time for filing post-trial *745 motions had expired when appellate counsel filed his motion for a new trial. Because the time for filing a motion for a new trial had expired, the trial court did not have jurisdiction to consider the motion.
AFFIRMED.
All the Judges concur.