BOWEN, Presiding Judge.
Larry Douglas Gibson, the appellant, was convicted of the attempted murder of James Calvin Goode and Jeremy Wayne Norrod. He was sentenced to life imprisonment without the possibility of parole as a habitual felony offender. On this direct appeal from those convictions, the appellant argues that his trial counsel was ineffective in failing to request jury instructions on the lesser included offenses of reckless endangerment and assault in the second degree.
The appellant was convicted on October 7, 1992, and was sentenced on November 6, 1992. His motion for a new trial was denied on January 19, 1993. New counsel was appointed to represent the appellant on appeal on March 17, 1993.
In Ex parte Jackson, 598 So.2d 895 (Ala.1992), decided May 8,1992, the Supreme Court of Alabama outlined the procedure to be followed for a defendant to file an “out-of-time” motion for a new trial in order to properly preserve an issue for appeal where different counsel has been appointed to represent a defendant on appeal.[1] In making this “accommodation,” the Court noted:
“[W]e will not make exception to the rule that a claim of ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court. We encourage counsel, whenever possible, to ascertain any possible defect in the trial process and to make an issue of that defect in an appropriate motion for a new trial. Failure to include a reasonably ascertainable issue in a motion for a new trial will result in a bar to further argument of the issue on appeal and in post-conviction proceedings.”
Jackson, 598 So.2d at 897. Under Jackson, newly appointed appellate counsel has a right, if the procedure outlined in Jackson is *1045 followed, to file a motion for a new trial even if the trial court has already denied a motion for a new trial filed by trial counsel.
Having failed to take advantage of this procedure for raising the issue of ineffective assistance of trial counsel before the circuit court, the appellant cannot now raise that issue on direct appeal.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. "[I]f the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court.... [A]n appellant shall serve and file his brief within 28 days (4 weeks) after the trial court's ruling on a motion for a new trial.” Jackson, 598 So.2d at 897-98. This holding specifically provides for exceptions to Rule 24.1(b), A.R.Crim.P., and Rule 31(a), A.R.App.P.