MONTIEL, Judge.
The appellant, Glen Davis, appeals from the summary denial of his Rule 32, Ala. R.Crim.P., petition attacking his 1990 conviction for robbery in the first degree and his sentence as a habitual offender to life imprisonment.
The appellant contends in his petition that he was denied effective assistance of counsel. The State did not file any response to the appellant’s petition. Nevertheless, the circuit court summarily denied the petition. In its order the circuit court held: “The Court has carefully reviewed the Defendant’s Petition for post-conviction relief filed herein and finds no merit in any of the allegations.”
On appeal, the State argues that because the appellant was represented by new counsel on appeal, the issue of ineffective assistance of counsel is precluded under Ex parte Jackson, 598 So.2d 895 (Ala.1992). However, the record reveals that appellate counsel was appointed before the procedure outlined in Ex parte Jackson was established by the Alabama Supreme Court. Additionally, this Court has held that claims of ineffective assistance of counsel are properly cognizable in a petition for post-conviction relief. Because the State did not respond to the appellant’s petition for post-conviction relief, we are bound to accept the allegations raised in the appellant’s petition as true and, we must conclude therefore, that the appellant’s petition is meritorious on its face. Ex parte Floyd, 457 So.2d 961, 962 (Ala.1984); Holland v. State, 621 So.2d 373 (Ala.Crim.App.1993).
We, therefore, must remand this case for the circuit court to allow the State to respond to the allegations raised in the appellant’s petition, and, if the circuit court deems it necessary, to hold an evidentiary hearing on the issues raised. Due return shall be made *50 to this Court within 90 days from the release of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.