The appellant, Gregory Leon Brewer, was indicted for attempted murder in violation of §§ 13A-6-2 and 13A-4-2, Code of Alabama 1975. A jury found Brewer guilty as charged in the indictment, and the trial court sentenced him to life in prison. Brewer raises two issues on appeal.
The evidence adduced at trial tended to show the following. On the morning of December 21, 1991, Brewer called Martina Fort, his former girlfriend, and asked if she wanted to go Christmas shopping. Fort testified that Brewer came to her house, and that she and their daughter left with him. Brewer drove down a dirt road and there stopped the car. Fort said Brewer pulled her out of the car and hit her over the head with a tire jack. He then poured gasoline on her and threw a match on her. Fort said she rolled on the ground until the flames went out, and Brewer poured more gasoline on her, but the flames did not reignite. Fort said Brewer hit her over the head again, then drove away. Fort was hospitalized from December 21, 1991, until March 10, 1992. A doctor testified that Fort's burn injuries were life threatening.
Brewer testified that after he picked up Fort and their daughter, he drove to a service station. When he went in to pay for the gasoline, he said, Fort left and took $50. He denied setting Fort on fire.
 I
Brewer contends that his trial counsel was ineffective because his attorney failed to object to testimony that was "obviously inadmissible hearsay testimony and highly damaging to the defense." Pursuant to Ex parte Jackson,598 So.2d 895 (Ala. 1992), Brewer's newly appointed appellate counsel timely filed a motion to suspend the time for filing a motion for a new trial, which was granted. The reporter's transcript in this case was filed May 21, 1993, and Brewer's appellate counsel then had 30 days, until June 20, 1993, to file a motion for a new trial. Ex parte Jackson, 598 So.2d at 897. The motion was not filed until June 25, 1993, however. Therefore, because the motion for a new trial was untimely filed, the issue of ineffective assistance of counsel is not properly before this court. Ex parte Jackson, 598 So.2d at 897-98.
 II
Brewer also argues that the trial court erred in allowing the State to introduce into evidence a letter he wrote to the victim after she was burned. In the letter, Brewer told Fort, "I promise I won't do anything to hurt you ever again." The letter should not have been admitted for two reasons, Brewer says.
 A
First, Brewer argues that because the letter was a statement of the defendant that was reduced to writing, it should have been provided to Brewer under the trial court's general discovery order. Because Brewer's attorney saw the letter for the first *Page 41 
time at trial, he says, the letter should have been excluded.
"The statement of a defendant is subject to discovery only if that statement was made to a 'law enforcement officer or law enforcement official.' " Giddens v. State,565 So.2d 1277, 1281 (Ala.Crim.App. 1990) (quoting Hamilton v.State, 496 So.2d 100 (Ala.Crim.App. 1986)). Rule 16.1(a)(1), A.R.Crim.P., permits the defendant to inspect any written statements "made by the defendant to any law enforcement officer, official, or employee." In addition, the trial court said of the statements referred to in the pretrial order, "Generally, those are statements in the possession of the — I believe they were taken by the police." That comment made by the trial court leads us to believe that it was the trial court's intention that only those statements Brewer made to law enforcement officials were to be included in the discovery order. Here, Brewer's statement was made in a personal letter to the victim and was not a statement made to law enforcement officials. Therefore, the letter was not subject to discovery.
 B
Brewer also contends that the letter should not have been admitted into evidence because the prosecutor used it to impeach him on testimony that, he says, was irrelevant and immaterial.
"Evidence is relevant if it has any probative value, however slight, upon a matter at issue in the case." Phelps v.State, 439 So.2d 727, 736 (Ala.Crim.App. 1983) "Evidence is relevant if it has any tendency to throw light upon the matter in issue, even though such light may be weak and fall short of demonstration." Austin v. State,434 So.2d 289, 292 (Ala.Crim.App. 1983). See also, Harrison v.State, 580 So.2d 73, 76 (Ala.Crim.App. 1991).
On cross-examination, Brewer told the prosecutor that he had never hurt Martina Fort. The prosecutor introduced the letter in rebuttal to Brewer's contention, saying, "And in this letter you promise, you say, 'I promise I won't do anything to hurt you ever again?' " Brewer said that he was referring to an earlier fight the two had had at his house.
Contrary to Brewer's argument, his promise to never hurt the victim again is relevant and material to the facts in this case because the jury could infer from that statement that he had hurt her by setting her on fire. As even Brewer states in his brief, "The letter was extremely damaging to his case in that it was tantamount to a confession that he was the one who burned the victim." (Appellant's brief at 19.) Because the letter tends to show that Brewer had hurt the victim before he wrote the letter, which was sent to the victim after she was burned, it has probative value in this case. Therefore, the letter is relevant and material to a determination of whether Brewer was guilty of attempted murder.
In summary, the letter was not a statement the defendant had made to law enforcement officers; therefore, it was not subject to discovery. The State properly used the letter to rebut Brewer's contention at trial that he had never hurt the victim. The trial court did not err in admitting the letter into evidence.
AFFIRMED.
All the Judges concur.