BOWEN, Presiding Judge.
Phenix Youngblood, the appellant, was convicted of assault in the first degree and was sentenced to 15 years’ imprisonment. Appointed counsel has filed a “no-merit” brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although afforded the opportunity, the appellant has failed to serve the appellant’s counsel and this Court with a list of each and every point or issue the appellant wants considered in this appeal, as requested by this Court in its order dated October 27, 1994. However, the appellant did send this Court a letter in which he maintains, in effect, that he did not consent to a trial by less than 12 jurors and that his trial counsel never discussed with him counsel’s decision to go on with the trial in the absence of one of the jurors who became sick. Included with the appellant’s letter was a copy of a letter from trial counsel addressed to the Alabama State Bar. This Court has accepted the appellant’s letter “as [his] pro se issues that [he] want[s] considered on appeal.”
The case action summary shows that the appellant was tried and convicted by a jury “of Susan Anderson, foreperson, and eleven others.” C.R. 1. However, the names of only 11 jurors appear on a recommendation for mercy. C.R. 20. In his letter to the State Bar, which is not properly a part of the record on appeal and which is not treated as a part of that record, trial counsel admits that:
“[d]uring the trial, one of the jurors got sick. After discussion, it was decided by the Judge, District Attorney and myself to continue the trial with eleven jurors. I informed the Defendant of this. Not at any time, during the trial or during jury deliberations, did the Defendant ma[k]e any objections to me about the absence of one juror.”
This issue was raised in a pro se motion for a new trial, C.R. 28, which the trial court struck because the appellant was, at the time the motion was filed, represented by counsel “and the law makes no provision for the Defendant and his counsel to file motions with the Court.” C.R. 30. Trial counsel did not file a motion for a new trial.
Rule 18.1(c), A.R.Crim.P., states:
“Jury of Less Than Twelve (12) Members. At the commencement of trial, or at any time before return of a verdict, and with the consent of the court, the defendant and the prosecutor may stipulate in writing, or in open court upon the record, that the jury may consist of any number of *150 jurors less than twelve (12) and more than five (5). The court shall not accept an agreement to trial by less than twelve (12) jurors unless the defendant, after being advised by the court of the right to trial by twelve (12) jurors, personally waives the right. In any trial by a jury of less than twelve (12), the verdict must be 'unanimous. This section does not apply to prosecutions for capital offenses. See Ala.Code 1975, § 12-16-232(c).”
In McLeod v. State, 627 So.2d 1065, 1066 (Ala.1993), the Alabama Supreme Court stated:
“[I]n the substituted [Ex parte ] Jackson[, 598 So.2d 895 (Ala.1992),] opinion we reiterated that we made no exception ‘to the rule that a claim of ineffective assistance of [trial] counsel may not be considered on appeal if it was not first presented to the trial court.’ 598 So.2d at 897. However, we have held that the Court of Criminal Appeals can remand a case for the trial court to hear an ineffective assistance of counsel claim, where the claim is first raised on appeal ‘if it determines justice would require it.’ Thompson v. State, 525 So.2d 820, 831 (Ala.1985) (emphasis in original).”
We find that the appellant has attempted to raise the issue of trial counsel’s alleged ineffectiveness in connection with the absent juror both at trial and on appeal. From the record, we conclude that there appears to be a factual basis for the appellant’s allegations. Under the circumstances of this ease, justice requires that the merits of the appellant’s claim be addressed.
Therefore, this cause is remanded to the trial court with directions that new counsel be appointed to represent the appellant. That counsel may then take advantage of the procedures set forth in Ex parte Jackson, 598 So.2d 895 (Ala.1992).
REMANDED WITH DIRECTIONS. 
All Judges concur.