HOUSTON, Justice.
On January 25, 1994, Michael Webb was convicted of two counts of assault in the second degree. On February 15, 1994, he was sentenced to two 21-year sentences, those sentences to run concurrently. Around March 10, 1994, Webb retained appellate counsel different from his trial counsel. On March 15, 1994 (less than 30 days after the date of Webb’s sentencing), Webb’s newly retained appellate counsel filed his notice of appearance, indicating that he would be representing Webb, and filed a motion pursuant to Ex parte Jackson, 598 So.2d 895 (Ala. 1992), seeking an order allowing appellate counsel an extension of 30 days from the court reporter’s filing of the trial transcript in which to file a motion for a new trial. On March 22, 1994, the trial court granted Webb’s Jackson motion; on July 7, 1994, the trial transcript was certified to appellate counsel as complete. On August 4, 1994, (28 days after the transcript was filed), Webb moved for a new trial, which the trial court *352 denied. On August 9, 1994, Webb filed a notice of appeal; the Court of Criminal Appeals dismissed his appeal as untimely, holding as follows in an unpublished memorandum:
“[Webb] failed to file his notice of appeal within 42 days from February 15,1994, the date upon which [he] was sentenced. See Rule 4(b)(1), Alabama Rules of Appellate Procedure.
“This Court notes that [Webb’s] counsel attempted to utilize the procedure established in Ex parte Jackson, 598 So.2d 895 (Ala.1992), to extend the time to file a motion for new trial. Although the procedure in Ex parte Jackson can be utilized to extend the time for filing a motion for new trial, this Court finds that this procedure is available only during the pendency of an appeal. The procedure is not available to extend the time for filing an appeal.
“Since an appeal was not pending at the time the motion for new trial was made, the trial court’s action on the motion for new trial was a nullity. To interpret or apply the procedure prescribed in Ex parte Jackson any differently would in effect abolish the time limitation established by rule for filing direct appeals from criminal convictions.”
The Court of Criminal Appeals overruled Webb’s application for rehearing and denied his Rule 39(k), A.R.App.P., motion, without opinion. — So.2d -. Subsequently, Webb petitioned for a writ of certiorari, which we granted, in order to clarify the apparent confusion over the proper implementation of the procedure set forth in Jackson.
Rule 4(b)(1), A.R.App.P., reads, in pertinent part, as follows:
“In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)_ If a ... motion for a new trial ... has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion.”
Although we recognize that Jackson is factually distinguishable from Webb’s case, we think it important to consider our holding in that case. In Jackson, this Court recognized that when new appellate counsel comes in to represent a defendant, “it is unlikely that the reporter’s transcript will be made available ... before the 30-day period within which to file a motion for a new trial has expired.” 598 So.2d at 897. Recognizing that this fact would make it difficult, if not impossible, for new counsel to ascertain all of the grounds that might be raised to support a motion for a new trial, the Court held as follows:
‘777/ the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the ease action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 1⅛ days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter’s transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter’s transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 21, AR.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court. We believe that this exception to the rule that ‘[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced,’Rule 21.1(b), A.R.Crim.P., is an appropriate accommodation of the interest of the judiciary in having the benefit of the trial court’s development of the issues and the interest of the defendant in fully presenting any meritorious argument regarding those issues.”
598 So.2d at 897-98.
Reading the Rule 4(b)(1) tolling provision relating to filing a notice of appeal (whereby the fifing of a motion for new trial suspends the running of the time for filing a notice of *353 appeal, until the motion is ruled on) in conjunction with the holding in Jackson, which, with certain express requirements, allows newly appointed appellate counsel an extension of time to file a motion for new trial, we hold that Webb’s appeal was timely filed. We, therefore, reverse the judgment of the Court of Criminal Appeals and remand this case for that court to consider the merits of the appeal.
We note that the Court of Criminal Appeals erroneously interpreted and applied Ex •parte Jackson, and that although it correctly relied on Rule 4(b)(1) to determine the timeliness of the notice of appeal, it apparently failed to consider that portion of the rule that tolls the running of the time for appeal until any new trial motion has been ruled on.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, KENNEDY, INGRAM, COOK and BUTTS, JJ., concur.