McMILLAN, Judge.
This is an appeal from the denial of the appellant’s Rule 32, Ala.R.Cr.P., petition.
The appellant was convicted of the unlawful distribution of cocaine, a violation of § 13A-12-211, Code of Alabama 1975 and *99 was sentenced to 20 years’ imprisonment. That conviction and sentence were affirmed by this court. See Shaw v. State, 618 So.2d 152 (Ala.Cr.App.1993).
In his Rule 32 petition, the appellant alleged that his trial counsel was ineffective because counsel allegedly failed to object to the additional five-year enhancement sentence under § 13A-12-250, Code of Alabama 1975, because, he says, the State failed to prove that the sale occurred within three miles of a school; failed to preserve for review an argument as to the chain of custody of the cocaine; failed to move for an independent test of the substance alleged to be cocaine; failed to interview witnesses in support of his alibi defense; and failed to object to the State’s peremptory strikes of black venirepersons. Additionally, the appellant argued that appellate counsel was ineffective in failing to file an applicable motion pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992). He further argued that the evidence presented by the State was insufficient to sustain his verdict of guilt.
An evidentiary hearing was held on the appellant’s petition. The trial court denied the petition but failed to “make specific findings of fact relating to each material issue of fact presented,” as required by Rule 32.9(d), Ala.R.Cr.P. Thus, this cause is remanded to the trial court so that that court can make the required findings of fact. Smith v. State, 620 So.2d 87 (Ala.Cr.App.1992); Mixon v. State, 611 So.2d 420 (Ala.Cr.App.1991). A written return shall be filed with this court within 45 days of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.