TAYLOR, Judge.
The appellant, Michael Kelley, was convicted on June 14, 1994, of distributing a con *793 trolled substance, marijuana, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced on July 26,1994, upon application of the schoolyard enhancement statute, § 13A-12-250, to seven years in the penitentiary. New counsel was appointed and a motion pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992), was filed on August 5, 1994. (This motion was made within 30 days of sentencing.) On August 8, the motion was denied and on August 12, the appellant filed a notice of appeal.
The appellant’s only contention on appeal is that the trial court erred in denying his Jackson motion.
The Alabama Supreme Court in Jackson established the following procedures that must be followed when new counsel is appointed after conviction and seeks an appeal. The Supreme Court stated the following:
“We recognize that when an attorney is appointed to represent a defendant on appeal, it is unlikely that the reporter’s transcript will be made available to him before the 30-day period within which to file a motion for a new trial has expired. Although some grounds for a new trial may be discovered in the absence of a transcript, the absence of a transcript may prevent appointed appellate counsel from ascertaining all of the grounds to support a motion for a new trial. Therefore, we hold that if the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such ease, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter’s transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter’s transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, AR.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court. We believe that this exception to the rule that ‘[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced,’ Rule 24.1(b), A.R.Crim.P., is an appropriate accommodation of the interest of the judiciary in having the benefit of the trial court’s development of the issues and the interest of the defendant in fully presenting any meritorious argument regarding those issues.”
Jackson, 598 So.2d at 897.
Rule 4(b)(1), Ala.R.App.P., provides that a party has 42 days from the date of sentencing to file a notice of appeal. In this ease there was no appeal pending when counsel filed the Jackson motion, but the time period in which to appeal had not expired. This court heretofore as a matter of administrative policy has held that Jackson can be utilized only during the pendency of an appeal. Upon our prior reasoning, if notice of appeal had not been given when a Jackson motion was filed, then the trial court’s ruling on that motion was a nullity, and this court had routinely dismissed the cause.
If, under our prior procedure, an appeal was not taken after the Jackson motion had been denied then no one was harmed. However, if an appeal was taken after the Jackson motion had been disallowed, then the issue of effective assistance of counsel was foreclosed.
We recognize that the foregoing procedure implementing Jackson produced an unfavorable result. That procedure does no more than invite a Rule 32, Ala.R.Crim.P., proceeding charging ineffective assistance of appellate counsel. Whether a Jackson motion is made before notice of appeal is given or after notice of appeal is given should not make any difference; so long as the 42-day time period in which to perfect an appeal has not passed, Jackson should still apply. (Upon the filing of a motion for new trial, the 42-day time period in Rule 4(b)(1) is tolled until the motion is ruled on.) See Ex parte Webb, 656 So.2d 351 (Ala.1995).) It should make no difference which came first: the notice of appeal or the timely filed Jackson *794 motion. Adopting this new policy allows everyone filing a Jackson motion within the time period to file a notice of appeal to raise issues of ineffective assistance of counsel on direct appeal. This was the intent behind the Alabama Supreme Court’s ruling in Jackson. See Webb.
The trial judge in this case followed the procedure outlined by this court at the time he decided the issue, and the judge is without fault in so doing. According to the Alabama Supreme Court’s ruling in Joxkson and Webb, the motion should have been granted.
Therefore, the ruling by the circuit court is ordered to be set aside and the cause is remanded to the Circuit Court for Crenshaw County with direction that that court proceed to consider the Jackson motion on the merits, and for other proceedings not inconsistent with this opinion.
REMANDED WITH DIRECTIONS.