These three cases have been combined for purposes of writing an opinion that addresses issues arising from this court's application of the Alabama Supreme Court's holding in Ex parteJackson, 598 So.2d 895 (Ala. 1992).
The Alabama Supreme Court in Jackson established a procedure whereby counsel appointed to represent a defendant on appeal could present a claim of ineffective assistance of trial counsel to the trial court in a motion for a new trial. The Supreme Court established the following procedures for filing a motion for a new trial by newly appointed appellate counsel:
 "We recognize that when an attorney is appointed to represent a defendant on appeal, it is unlikely that the reporter's transcript will be made available to him before the 30-day period within which to file a motion for a new trial has expired. Although some grounds for a new trial may be discovered in the absence of a transcript, the absence of a transcript may prevent appointed appellate counsel from ascertaining all of the grounds to support a motion for a new trial. Therefore, we hold that if the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P.
Appellate counsel will then have the means to raise all appropriate issues before the trial court. We believe that this exception to the rule that '[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced,' Rule 24.1(b), A.R.Crim.P., is an appropriate accommodation of the interest of the judiciary in having the benefit of the trial court's development of the issues and the interest of the defendant in fully presenting any meritorious argument regarding those issues."
Jackson, 598 So.2d at 897. (Emphasis added.)
The problems presented by these three cases concern the portion of the Jackson procedures emphasized above. We have chosen to address these problems here because of the number of cases that are affected.
The application of Jackson has presented numerous situations that have spawned problems, not only for the trial courts and attorneys, but for this court as well. One problem concerns the difficulty attorneys are having *Page 231 
in determining when the 30-day period begins to run for filing a motion for a new trial under the Jackson procedure. Pursuant to Jackson the time runs from the date "the reporter's transcript is prepared and filed. . . ." 598 So.2d at 897. By the language it appears that the time runs from the filing of the transcript with the circuit clerk rather than from the clerk's completion and service of the record on appeal as many attorneys attempting to utilize the Jackson procedure have mistakenly believed. Another closely related problem arises when the court reporter fails to serve appellate counsel with the notice that the transcript has been completed as required by Rule 11(b), Ala.R.App.P. We recognize that in indigent cases, there is no economic relationship between the court reporter and the appointed attorney since they are both paid by the state in indigent cases. The lack of an economic relationship may explain the failure by some court reporters to serve notice upon the correct attorney that the transcript has been filed. Money talks.
For purposes of resolving this problem we need only paraphrase the United States Constitution — every individual has an absolute constitutional right to due process of the law. To hold an accused or the accused's attorney to a time period when the beginning of the period is kept secret by the failure of an official of the state of Alabama, i.e., an official court reporter, to serve the accused's attorney with notice of the filing of the transcript denies the accused due process of the law. Fundamental fairness demands that notice be given. The 30-day time period for filing a motion for a new trial does not begin to run until notice of the completion of the transcript is served, either by mail or by person. If service is by mail, the time for filing a motion for a new trial shall run from the date the notice is mailed. Rule 25, Ala.R.App.P. We hope that this opinion will resolve some of the problems presented byJackson.
For the foregoing reasons, these cases are remanded to the respective circuit courts for those courts to consider the motions for a new trial as having been timely filed. The 60-day period for automatic denial of said motions shall run from the date of this opinion. The time for filing the briefs on these appeals shall run from the date of the certificate of completion of the supplemental records containing the post trial proceedings.
REMANDED WITH DIRECTIONS.
All the Judges concur, except PATTERSON, J., who concurs in result only. *Page 598