David Lynn Alexander was convicted of the crimes of second-degree assault and third-degree assault, in the Circuit Court of Elmore County, on September 1, 1994. On October 14, 1994, he was sentenced. On September 21, 1994, he filed a notice of appeal; new counsel was appointed to handle the appeal, on September 23, 1994. On October 11, 1994, new counsel filed in the circuit court a motion pursuant to Ex parteJackson, 598 So.2d 895 (Ala. 1992)[1], asking that the time for filing a motion for a new trial be suspended pending the completion of the trial transcript. That motion was granted. On December 9, 1994, the court reporter filed with the circuit clerk the transcript of Alexander's trial.
On January 13, 1995 (35 days after the filing of the trial transcript), Alexander attempted to file a motion for a new trial. The Court of Criminal Appeals issued an order on January 23, 1995, holding that the trial court had lacked jurisdiction to entertain the Jackson motion because it was filed more than 30 days after the filing of the court reporter's transcript with the circuit clerk. See Jackson, supra, at 897.
On January 26, 1995, Alexander's counsel filed a "motion for reconsideration." The Court of Criminal Appeals issued an opinion on March 29, 1995, holding that the 30-day period for filing a motion for a new trial did not run from thefiling of the court reporter's transcript, as stated inJackson, but from the time "notice of the completion of the transcript is served, either by mail or by person." Musgrove v.State, 659 So.2d 229, 231 (Ala.Cr.App. 1995). (Alexander's appeal was addressed in an opinion that also dealt with an appeal by James Paul Musgrove.) The Court of Criminal Appeals remanded Alexander's case for the circuit court to consider Alexander's motion for a new trial. After a hearing on that motion, the trial court granted Alexander a new trial. The Court of Criminal Appeals, on June 16, 1995, on return to remand, dismissed the appeal (without opinion), on the basis of the circuit court's order granting a new trial.
The State petitioned for certiorari review, which we granted, to consider the issue whether the Court of Criminal Appeals correctly held that Alexander's motion for new trial was properly filed.
In Musgrove, supra, the Court of Criminal Appeals addressed two problems with the implementation of the Jackson procedure. One problem concerned the difficulty attorneys were having in determining *Page 229 
when the 30-day period began to run for filing a motion for a new trial under the Jackson procedure. The court recognized that from the language in Jackson it appeared that the time ran from the filing of the transcript with the circuit clerk. Yet, the court recognized, many attorneys attempting to follow theJackson procedure mistakenly believed that the time ran from the clerk's completion and service of the record on appeal. The Court of Criminal Appeals also recognized that in indigent cases, because there is no economic relationship between the court reporter and the appointed attorney, some court reporters were failing to notify the correct attorney that the transcript had been filed. To remedy both problems, the court held: "The 30-day time period for filing a motion for a new trial does not begin to run until notice of the completion of the transcript is served, either by mail or by person. If service is by mail, the time for filing a motion for a new trial shall run from the date the notice is mailed." Id., at 231.
After examining the Court of Criminal Appeals' opinion and considering the reasons stated therein, this Court concludes that that court has stated a well-reasoned remedy for the problems mentioned above. Accordingly, we hold that the Court of Criminal Appeals correctly treated Alexander's motion for a new trial as properly filed.
AFFIRMED.
HOOPER, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.
[1] In Ex parte Ingram 675 So.2d 863 (Ala. 1996), this Court overruled Jackson "to the extent that it allows a defendant's newly appointed appellate counsel to move to suspend the Rule 42.1(b), Ala.R.Crim.P., 30-day jurisdictional time limit for new trial motions." We stated in Ingram that "in any cases in which the defendant is convicted after the date this opinion is released [February 23, 1996], an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review." 675 So.2d at 865. Because Alexander was convicted before February 23, 1996, the Jackson procedure is still applicable to this case.