PATTERSON, Judge.
The appellant, Willie Earl Marshall, alias, appeals from the circuit court’s dismissal of his Rule 32, Ala.R.Crim.P., petition in which he contested his 1994 conviction for murder and his sentence, as a habitual offender, of life imprisonment.
In his petition, Marshall contends: (1) that the trial court was without jurisdiction to render the judgment or to impose the sentence because of alleged discrimination in the selection of the grand jury foreperson and that, therefore, his trial counsel was ineffective for failing to object to this alleged discrimination; (2) that the trial court was without jurisdiction to render the judgment or to impose the sentence because, he argues, the jury was neither sworn nor was the indictment read to the jury and that, therefore, his trial counsel was ineffective for failing to object to the jury’s neither being sworn nor read the indictment; (3) that the trial court was without jurisdiction to render the judgment or to impose the sentence because, he argues, the prosecution failed to disclose the NCIC records of the potential jurors it allegedly used in its jury striking and that his trial counsel was ineffective for failing to request the information through discovery; (4) that the trial court was without jurisdiction to render the judgment or to impose the sentence because, he argues, the prosecutor allegedly made improper comments, and that his trial counsel was ineffective for failing to object to those comments; and (5) that the sentence imposed is not authorized by law because, he argues, the trial court failed to pronounce sentence orally and that his trial counsel was ineffective for failing to object to the trial court’s failure to do so. In regard to these grounds, Marshall further contends that his trial counsel was ineffective for failing to file a motion for a new trial asserting the underlying substantive claims. He also asserts that his appellate counsel, who was allegedly appointed soon after sentencing, was ineffective for failing to present these grounds — both in terms of ineffective assistance of trial counsel and in terms of the underlying substantive claim — in a motion for a new trial filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992). As *961 ground (6), Marshall asserts that both his trial and appellate counsel were ineffective for failing to preserve for review, by the procedure outlined in Jackson, the issues (which were asserted on direct appeal and found to be not preserved) whether his sentence was properly enhanced under the Habitual Felony Offender Act with allegedly invalid prior convictions and whether the trial court’s jury instruction on self-defense was proper.
The state’s response to Marshall’s petition states, in its entirety: “Comes now the State of Alabama and denies each and every allegation and demands strict proof thereof.” The circuit court dismissed the first five grounds, finding as to each that “the issue was or could have been raised on appeal.”
Marshall contends on appeal that his petition alleges sufficient facts of ineffective trial and appellate counsel, which, if true, would entitle him to relief, thus requiring a proper response from the state and an evi-dentiary hearing. He further asserts that the state’s response is insufficient under Ex parte Rice, 565 So.2d 606 (Ala.1990); Parnell v. State, 645 So.2d 308 (Ala.Cr.App.1993); and Davis v. State, 654 So.2d 49 (Ala.Cr.App.1994). The attorney general asks us to remand this case for further proceedings pursuant to Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). We so order. We further note that we agree with the attorney general’s assertion that Marshall’s claims of ineffective assistance of trial counsel would be precluded from the circuit court’s consideration because they could have been asserted in a timely filed Jackson motion. See Rule 32.2(a)(3).
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 63 days of the release of this opinion. The circuit court is to make specific findings as to each individual claim not precluded. The return to remand shall also include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS. *
All Judges concur.

 Note from the reporter of decisions: On June 19, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.