ON RETURN TO REMAND

PATTERSON, Judge.
On December 1, 1995, we remanded this case to the trial court with instructions to conduct further factfinding proceedings, including an evidentiary healing if necessary, into the claims of the appellant, Michael Ray Jordan, in his post-conviction petition filed on February 17, 1995, pursuant to Rule 32, Ala. R.Crim.P. We instructed the trial court to address the merits of Jordan’s petition, to make specific findings of fact and conclusions of law as to each claim alleged in his petition, and to file its return with this court, which return was to include a transcript of the proceedings below.
The trial court has complied with our instructions and has filed a proper return, which includes its order making findings of fact and law as to each claim raised and a transcript of the proceedings. The record shows that the trial court conducted an evi-dentiary hearing at which both Jordan’s trial and appellate counsel testified. Jordan did not testify at the hearing.
Initially, Jordan claims that the trial court erred in denying his motion requesting that counsel be appointed to represent him in his post-conviction proceedings. The appointment of counsel in such proceedings is discretionary with the trial court and is done when necessary to protect the rights of a petitioner. Rule 32.7(c), Ala.R.Crim.P. There was no necessity for the appointment of counsel for the protection of Jordan’s rights under the circumstances presented here; thus, there was no abuse of discretion by the trial court in denying the motion. Jordan also claims that his evidentiary hearing was unfair because, he says, he was not given the opportunity to cross-examine witnesses. The transcript, however, does not support this claim. Only two witnesses testified at the hearing—Jordan’s trial counsel and his appellate counsel. Upon conclusion of their testimony, Jordan was given the opportunity to cross-examine each of them; he declined.
Jordan raised numerous claims of ineffective assistance of trial and appellate counsel. Those claims were addressed by the trial court, who found them to be without merit. He claimed that his trial counsel was ineffective for allowing him to go to trial without a determination of his competency to stand trial. The record does not support this claim. On the contrary, it shows that before trial, Jordan was given a mental examination on orders of the trial court and was found to have a full understanding of the nature of the proceedings and to be capable of assisting his attorney in his defense.
Jordan claims that his trial counsel was ineffective for failing to object to the consolidation of his case with that of his eodefendant, Carl McArthur Jordan. Jordan and his cousin, Carl McArthur Jordan, were indicted for the same offenses, were tried as codefendants, and were convicted of the offenses as charged in the indictments. Carl’s case was affirmed on appeal. Jordan v. State, 629 So.2d 738 (Ala.Crim.App.), cert. denied, 511 U.S. 1112, 114 S.Ct. 2112, 128 L.Ed.2d 671 (1994). Jordan’s ease was also affirmed on appeal. Jordan v. State, 629 So.2d 743 (Ala.Crim.App.), cert. denied, 629 So.2d 745 (Ala.1993). For a recitation of the facts of these cases, see Jordan v. State, 629 So.2d at 739-41. The record shows that Jordan’s trial counsel at first objected to the consolidation of the cases for trial, but later withdrew that objection when he and Jordan determined that it would be better strategically for Jordan if the cases were consolidated. Jordan’s contention that the trial court failed to enter an order of consolidation is incorrect. The record shows that the court entered such an order and served copies of it on the parties two months before trial.
Jordan further claims that his trial counsel was ineffective for failing to object to the admission of evidence of his and his code-fendant’s gang involvement. The record shows that this issue was raised in a motion for pretrial determination of the admissibility of evidence and was determined adversely to *929 Jordan and Ms codefendant. The ruling of the trial court in denying the motions was upheld on appeal. Jordan v. State, 629 So.2d at 741-742.
Jordan also claims that he was demed effective assistance of counsel because of certain alleged conflicts of interest. No evidence was presented to support this claim.
Jordan claims that his trial counsel was ineffective for failing to cross-examine a certain witness as to certain information. His trial counsel testified that he had no reason to question the witness further or to take issue with the witness’s testimony. Jordan offered no evidence that would' east doubt upon the truthfulness of the witness’ testimony-
Jordan claims that he was not represented by counsel during the sentencing phase of his trial because his counsel had filed a motion to withdraw. The record shows that Ms counsel was not permitted to withdraw until after sentencing.
Jordan claimed that Ms appellate counsel was meffective for failing to file a timely motion for a new trail pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992). He argued that tMs failure precluded him from raising his claims of ineffective assistance of trial counsel on direct appeal and evidenced the ineffectiveness of Ms appellate counsel. The trial court held that because it is now considering the ineffective assistance of trial and appellate counsel claims in the present post-conviction proceedings, Jordan has suffered no prejudice by the failure of his appellate counsel to file a timely motion for a new trial pursuant to Ex parte Jackson and to raise Meffective assistance of trial counsel on direct appeal. We agree.
Jordan claims that the sentences imposed upon him exceed the maximum authorized by law or that they are otherwise not authorized by law. We find no merit in these claims. The sentences fall withrn the ranges authorized by statute.
The trial court addressed each of Jordan’s claims of ineffective assistance of both trial and appellate counsel and entered its order, findmg no merit m them. The record fully supports these findmgs, and we concur M them. As to those claims raised which are unrelated to ineffectiveness of counsel, we find no merit in them. The judgment of the trial court denying the appellant’s Rule 32 petition is therefore due to be affirmed.
AFFIRMED.
All Judges concur.