McMILLAN, Judge.
The appellant, Melvin Allen, Sr., appeals from the trial court’s denial of his Rule 32, Ala.R.Crim.P., petition. The appellant was convicted of robbery in the third degree and attempted theft of property in the first degree. He was sentenced to 99 years and 10 years, respectively, and the sentences were to run consecutively. His convictions were affirmed on appeal.
The appellant argues that the trial court erred in denying his Rule 32 petition, which alleged claims of ineffective assistance of trial counsel and appellate counsel. Specifically, he argues that trial counsel was ineffective for failing to request the trial judge to recuse himself, arguing that the judge had, as a former district attorney,,prosecuted the appellant’s brother and had also had an affair with the former wife of the appellant’s brother. We note that the trial judge hearing the appellant’s Rule 32 petition is not the same judge who accepted the appellant’s guilty plea.
The trial court, after conducting an evi-dentiary hearing on the appellant’s petition, issued the following order:
“This matter is before the Court on Defendant’s Rule 32 Petition alleging ineffective assistance of trial counsel in that trial counsel did not seek to have the trial judge recused. Counsel was appointed to represent Defendant in this proceeding and an evidentiary hearing [was] held.
“Without reaching the question of whether the assistance of counsel was ineffective, the Court finds that the matter was certainly known to Defendant at the time his direct appeal was processed and that, had defendant wished to have the matter assigned as error on appeal, he could have and should have brought it to the attention of his appellate counsel. He did not, and having failed to do so, waived his right to now raise it.”
In response to the trial court’s order finding that this issue was precluded from review, the appellant contends that he could not have raised this argument on direct appeal, by way of then-applicable Jackson motion, because appellate counsel was appointed more than 30 days after sentencing and could not file a timely motion for a new trial under Jackson. See Ex parte Jackson, 598 So.2d 895 (Ala.1992), overruled, Ex parte Ingram, 675 So.2d 863 (Ala.1996).
Under Jackson, newly appointed appellate counsel could file a motion with the court within 14 days after appointment, requesting that the running of the time within which to file a motion for a new trial be tolled until the reporter’s transcript was prepared and filed, and the 30-day period within which to file a motion for a new trial would be computed from the date the reporter’s transcript was filed, rather than from the date of the pronouncement *1174 of sentence, as provided for in Rule 24, Ala.R.Crim.P. However, in Alexander v. State, 679 So.2d 227 (Ala.1996), the Alabama Supreme Court affirmed this Court’s holding that “[t]he 30-day time period for filing a motion for a new trial does not begin to run until notice of the completion of the transcript is served, either by mail or by person. If service is by mail, the time for filing a motion for a new trial shall run from the date the notice is mailed.” See also Musgrove v. State, 659 So.2d 229, 231 (Ala.Cr.App.1995.)
The record in this case indicates that appellate counsel was appointed more than 30 days after the time for filing a motion for a new trial had expired. “The 30-day statutory period for filing a motion for new trial is jurisdictional. Ala. Code 1975, § 15-17-5; Nickens v. State, 31 Ala.App. 297, 15 So.2d 633 (1943).” Ex parte O’Leary, 417 So.2d 232, 240 (Ala.1982). Therefore, the Jackson procedure was unavailable to the appellant and his newly appointed counsel; hence, the trial court erred in finding that the appellant’s argument was procedurally precluded from review on this ground. See Ex parte Lockett, 548 So.2d 1045, 1048 (Ala.1989) (“ineffective assistance of counsel claims are cognizable in Rule 20 [now Rule 32] petitions pursuant to Rule 20.1(a), Temp. Ala.R.Crim.P.”) See Rule 32.1, Ala.R.Crim.P. Allegations of ineffective assistance of counsel, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985); Garrett v. State, 644 So.2d 977 (Ala.Cr.App.1994). In Ex parte Ingram, 675 So.2d 863, 866 (Ala.1996), the Alabama Supreme Court stated, “When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction relief.”
This cause is, therefore, remanded to the trial court for that court to conduct an evidentiary hearing on the merits, if necessary, and to enter specific findings of fact with regard to the appellant’s ineffective assistance of counsel claims. Rule 32.9(d), Ala.R.Crim.P. By remanding this case, this court does not mean to be saying that the appellant is entitled to a new trial.
A return to remand shall be made with this court within 65 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.